Nov. Term,
1838.

KILGORE
v.
POWERS.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*C. Fletcher* and *O. Butler*, for the plaintiff.

*H. Cooper* and *D. H. Colerick*, for the defendant.

---

## KILGORE *v.* POWERS.

It is not necessary to the validity of a scrawl as a seal, that there should be enclosed within it the word seal, or a letter denoting that word.

Debt on a note. Plea, no consideration. Replication, setting out a consideration. Rejoinder, showing a partial failure of consideration. *Held*, that the rejoinder was a departure.

In rendering judgment on a note payable at a certain time after date, with 10 *per cent. per ann.* interest, it is proper to allow interest on the note at that rate from its date to the time of the judgment.

*Tuesday,
November 20.*

APPEAL from the *Delaware* Circuit Court.

BLACKFORD, J.—*Powers*, as assignee of a sealed note, sued the maker in an action of debt. The note as shown on *oyer* is as follows:—

"On or before the 25th *December*, 1836, for value received I promise to pay *James T. Walton* 150 dollars, with 10 *per cent.* interest. *October* 31st, 1835.

*David Kilgore.* ( )"

The defendant pleaded *nil debet*, to which there was a general demurrer; and the demurrer was sustained. The defendant contends that the note is not a sealed instrument, because the word *seal*, or a letter denoting that word, is not enclosed within the scrawl attached to the maker's name. We do not agree with the defendant. The scrawl itself is a seal by the express words of the statute. R. C. 1831, p. 407. No word or letter is necessary to be impressed on a wafer or wax seal; neither can any be essential to the validity of a scrawl as a seal.

There are several other pleas in bar; one of which is to the following effect:—That the note was given to *Walton* in part consideration of a certain tract of land sold by him to the defendant; that *Walton* had no title to the land; and that he had not made, nor could he make, any title for the same to the defendant; and that therefore there was no consideration for the note.

The plaintiff replied that *Walton*, when he sold the land to the defendant, held the same by a title-bond executed by a third person; that, by virtue of the bond, *Walton* had an equitable title to the land, and had paid the purchase-money for the same; that he had duly assigned the bond, by an indorsement thereon, to the defendant, and had delivered it to him; which he was ready to verify.

The defendant rejoined as follows:— That *Elizabeth Walton*, the wife of the vendor, was entitled to dower in the premises; and that the vendor had not procured and could not procure a release of it to the defendant; that the vendor's title, therefore, was not sufficient to enable him to sell the land to the defendant, and that there was, consequently, no consideration for the note; which he was ready to verify.

There was a general demurrer to this rejoinder, and judgment for the plaintiff.

The rejoinder admits such parts of the replication as are not denied by it; and all therefore that can be understood by the rejoinder is, that the consideration of the note was not only the assignment of the title-bond mentioned in the replication, but also an agreement to procure the relinquishment, by the vendor's wife, of her right of dower; and that though the vendor had assigned the bond, he had not procured the relinquishment of the right of dower. The rejoinder therefore deserts the broad ground taken in the plea, viz., that there was no consideration at all for the note, and sets up as a new defence to the action, the failure of a small part of the consideration of the note. This is a departure in pleading, and the rejoinder is for that reason bad on general demurrer. Gould, 458 (1).

Issues in fact were joined on the other pleas, and the cause was submitted to the Court. The plaintiff obtained a judgment, and the Court gave interest at the rate of 10 *per cent. per annum* from the date of the note to the time of the

*Margin note:* Nov. Term, 1838.

KILGORE
v.
POWERS.

Nov. Term,
1838.

judgment. It is contended that interest at 10 *per cent. per annum* should only have been allowed up to the time when the note became due; and that from that period only six *per cent. per annum* should have been allowed. In this the defendant is mistaken. The interest is correctly calculated conformably to the terms of the contract.

*Per Curiam.*—The judgment is affirmed with 6 *per cent.* damages and costs.

*J. S. Newman* and *D. Kilgore*, for the appellant.
*C. B. Smith*, for the appellee.

(1) The rule against departure is evidently necessary to prevent the retardation of the issue. For while the parties are respectively confined to the grounds they have first taken in their declaration and plea, the process of pleading will exhaust, after a few alternations of statement, the whole facts involved in the cause, and thereby develope the question in dispute. But if a new ground be taken in any part of the series, a new state of facts is introduced, and the result is consequently postponed. Besides, if one departure were allowed, the parties might, on the same principle, shift their ground as often as they pleased; and an almost indefinite length of altercation might in some cases be the consequence. Stephen on Pl. 418.—*Vide* 2 Saund. 84 n. 1 Chitt. on Pl. 681.—Arch. Civ. Pl. 259, 265.—Gould on Pl. 453.

A verdict in favour of him who makes a departure cures the fault, if the matter pleaded by way of departure is a sufficient answer, in substance, to what is before pleaded by the adverse party; that is, if it would have been sufficient if he had pleaded it in the first instance. Gould on Pl. 458.

The departure in the text is one in which the party deserts the ground, in point of *fact*, that he had first taken. For a case of departure, where the party puts the same facts on a new ground in point of *law*, vide *Yeatman* v. *Cullen et al. Nov.* term, 1839, *post.*