## Case No. 6,878.

### HUNNEMAN et al. v. MILWAUKEE.

[3 Am. Law J. (N. S.) 419.]

District Court, D. Wisconsin. Oct. Term, 1849.

INTEREST—RATE REGULATED BY CONTRACT.

1. By the law of Wisconsin now in force. "any rate of interest agreed upon by the parties

1 [Reported by Hon. William Cranch, Chief Judge.]

in contract, specifying the same in writing, is legal and proper." Where not so specified the rate is 7 per cent.

2. A bond payable of the 31st Dec., 1848, with interest thereon "at the rate of 10 per cent. per annum," draws 10 per cent. until payable, and only 7 per cent. afterwards.

[Suit by Samuel H. Hunneman and Joseph H. Hunneman against the city of Milwaukee.]

MILLER, District Judge. This suit is upon a city bond, for the payment of seventeen hundred and forty-seven dollars and fifty-nine cents, on the thirty-first day of December, A. D. 1848, with interest thereon, at the rate of ten per cent. per annum. The only point presented for the consideration of the court is, the rate of interest recoverable after this bond became payable. By the law of this state in force at the date of this bond, "any rate of interest which persons may agree upon, not exceeding twelve per centum per annum, shall be legal and valid: provided, that where the rate of interest is not otherwise specified, it shall be computed at seven dollars for the given day of payment on the sum of one hundred dollars for one year." By the law of this state now in force, "any rate of interest agreed upon by parties in contract, specifying the same in writing, shall be legal and proper." And "where no rate of interest is agreed upon, or specified in a note, or contract, seven per centum per annum shall be the legal rate." The rate of interest until this bond became payable is fixed by agreement of the parties at ten per cent.; but there is no allusion to it subsequent to that date. The parties did not contract for any rate of interest until the bond was paid, but only until it became payable. The defendant did not bind itself to pay ten per cent. to the thirty-first day of December, one thousand eight hundred and forty-eight, the day on which both principal and interest became payable; but no longer. This bond does not admit of any other construction. After the bond became payable, the law interposed, both to allow and to regulate the rate of interest to be paid for and on account of, the illegal detention of the debt; which, in the absence of an express agreement, is seven per cent. I find in 2 U. S. Dig. p. 624. § 244, this reference to the case of Henry v. Thompson, Min. (Ala.) 209: "In Alabama, a contract to pay interest at a rate exceeding eight per cent. per annum, must be in writing, signed by the party to be charged, and express that it is for the loan of money, &c. And such interest is recoverable only for the stipulated time of forbearance." In Ludwick v. Huntzinger, 5 Watts & S. 51, it is decided that on a bond for the payment of money on a certain day after that date, with three per cent. interest from date, the plaintiff was entitled to recover interest at three per cent. until

the time of payment, and after that, legal interest at the rate of six per cent. See, also, 1 Nott & McC. 67. The only case in opposition to this rule, that I have been able to find, is Kilgore v. Powers, 5 Blackf. 22. The court made no allusion to the statute of the state of Indiana, upon the subject of interest; but merely contented itself with the remark, that interest to the time of judgment at ten per cent. was correctly calculated according to the contract. The note was for the payment of one hundred and fifty dollars on a certain day after date, with ten per cent. interest. This case is not entitled to consideration sufficient to influence a decision against the weight of authority, and what I deem the legal construction and effect of the contract. It is therefore ordered, that interest be calculated on this bond at the rate of ten per cent., until the time it became payable, and after that to this time, at seven per cent.