LUCAS THOMPSON & CO. v. PICKEL *et ux.*

1. **Promissory note:** INTEREST. A promissory note was payable six months after date, with interest from date at the rate of ten per cent per annum: *Held*, that it drew interest at the rate named *after maturity* and until paid.

2. **Appeal:** FROM DECREE. An appeal may be taken from any decree rendered in a case which finally determines any material issue between the parties.

3. **Homestead:** PLATTING: RIGHTS OF THIRD PERSONS. P. owned, occupied and cultivated a farm of one hundred and twenty acres; on the 9th of July, 1858, he executed without the concurrence of his wife, a mortgage conveying to the plaintiff the S. ½ of the N. E. ¼ of section 9, township 73, range 7; at the time, he resided with his family on the N. W. ¼ of the same section, upon which his dwelling house and buildings were situated; the homestead was not marked off by fixed or visible monuments, nor was any description or plat thereof recorded, until after the commencement of the suit to foreclose the mortgage, when, in November, 1862, the wife had the homestead marked out, platted and recorded; and, in so doing, included the east half of the west half of said quarter section; thus taking twenty acres off the east side of the N. W. ¼, and twenty acres from the same side of the S. W. ¼; the last twenty being a part of the eighty mortgaged to plaintiff by the husband: the evidence showed that prior thereto both the husband and wife recognized and regarded the N. W. ¼ as their actual and only homestead: *Held*, that the plat and record could not affect the validity or lien of the plaintiff's mortgage as to the twenty acres therein described.

*Appeal from Henry District Court.*

SATURDAY, JUNE 16.

MORTGAGE FORECLOSURE. — The mortgage was made July 9, 1858, by Pickel alone, upon the S. ½, N. E. ¼, Sec. 9, T. 73, R. 7. The mortgagor was then married, and

resided, with his family, on the forty acres immediately north of the west forty of this eighty, or the N. W. ¼ of said ‘N. E. ¼. The dwelling house and buildings were upon this forty; but the entire one hundred and twenty acres were used and cultivated as a farm. The homestead was not, however, marked off by fixed or visible monuments, or otherwise; nor was any description or plat thereof recorded.

One of the notes secured by the mortgage was "due six months after date, with interest from date, at the rate of ten per cent per annum." The court held that this note drew the interest named until due, and after that *six per cent*, to which plaintiffs excepted.

The petition was filed in March, 1861. In November, 1862, Emeline Pickel, the wife, the husband having neglected to do so, as she alleges, had the homestead marked out, platted and recorded; and in doing so included the east half of the west half of said quarter section; thus taking, it will be seen, twenty acres off the east side of the N. W. ¼ and twenty from the same side of the S. W. ¼, the last twenty being part of the eighty mortgaged to plaintiffs by the husband. On the same day she filed her motion to be made party defendant, upon the ground that she had thus selected and marked out her homestead, a part of it being included in plaintiffs' mortgage. The motion was sustained, she filed her answer, setting up her homestead claim, denying that she ever signed or executed the mortgage, and asking that said twenty acres should be omitted in any final judgment if a foreclosure as to any part of said eighty acres should be ordered. On the final hearing, the homestead claim to said twenty was recognized, the mortgage foreclosed as to the remaining sixty, and from this order, as also the ruling on the subject of interest on one of the notes, plaintiff appeals.

*P. Henry Smyth* for the appellants.

*H. & R. Ambler* for the appellees.

WRIGHT, J. — That the court below erred in refusing to allow *ten* per cent on the note *after* its maturity, is expressly ruled in *Hand* v. *Armstrong*, 18 Iowa, 324. That case is decisive of this question. Appellees do not suggest anything against that ruling. We see no reason to doubt its correctness, and to this extent, therefore, the decision below is reversed.

1. PROMIS-SORY NOTE: interest.

Appellees suggest that the appeal is premature, inasmuch as there is another and necessary branch of the suit still pending and undetermined. We do not so understand the record. Defendant Pickel set up certain matters in his answer, which was made a cross-bill, why this mortgage should not be foreclosed. In ordering its foreclosure, the court below necessarily, as it seems to us, passed upon this defense or the matters stated in the cross-bill. But even conceding that such matters may still be open for adjudication, we entertain no doubt as to plaintiffs' right to appeal from the decree as rendered, affirming as it does, in a most material manner, their rights in the property in controversy. The decree, if unreversed, settles finally the question of interest, and the wife's claim to twenty acres of the mortgaged premises. Most clearly an appeal may be taken under such circumstances. Rev., §§ 2631, 2632.

2. APPEAL: from decree.

We then come to the main question, and that is, did the court err in refusing a foreclosure as to said twenty acres? Upon consideration, we agree that the judgment was not warranted by the testimony, and that plaintiffs were entitled to a foreclosure of the husband's interest in the whole eighty acres.

3. HOME-STEAD: platting; rights of third persons.

The "Homestead Act" is very general in its provisions, and as to many questions, affords but little, if any, aid in its construction. Upon the question of law here involved, there are no express provisions, and courts are left to grope their way, guided alone by the general provisions, keeping in view the object and spirit of the enactment. That question is, what shall be the boundaries of the homestead, where the owner has failed to mark off, describe, plat and record the same, as to the third persons whose rights it is claimed intervene after occupancy, and before such designation and recording. This, it will be readily seen, is an important and difficult inquiry, and one that therefore should not be adjudicated except upon full argument, and in a case rendering its determination necessary. And as the case before us does not demand a construction of the statute in this respect, we prefer to leave the question open, placing our decision alone upon the facts as developed by the proof. From the evidence we are brought to the conclusion, that there was not only no indication that the twenty acres claimed was treated as the homestead, but that the parties, both husband and wife, to the plaintiffs and other persons, recognized and regarded the northwest forty as their actual and only homestead. This is certainly the decided weight of the testimony offered by plaintiffs, and there is but little if anything to contradict it on the part of defendants. Indeed the entire pleadings to the time the wife was made a party, treat and speak of this forty as the homestead, and there is no intimation anywhere that any part of the eighty was included therein. Respondent Pickel, in his cross-bill, filed in June, 1862, describes it as "the *homestead* of himself and wife for twenty years, and by them continuously and uninterruptedly held as such." And to the same effect are several other parts of the same bill. In addition to this, he testified on the trial that he never made any

claim to this twenty acres as a homestead. In March, 1859, defendants made a mortgage to plaintiffs, upon the northwest forty, to secure this same debt, but which they claim should be set aside for some equities not now before us. In a letter written about that time to plaintiff, the said Pickel refers to the latter mortgage as upon his "*homestead,* and which he would not have given to any other person than said plaintiff." In a letter of March 28, 1861, he refers to this mortgage again as being upon his homestead, and insists that it (the homestead) shall be released. This was but two days before the commencement of this action.

Several witnesses, neighbors of defendants, speak of and refer to this forty as the homestead, and of an agreement made by plaintiff's agent, at the time and on the condition, that the mortgage should be given on the *homestead* forty. And to the same effect is the testimony of plaintiff's agent, who took the second mortgage. The plaintiff testifies that both Pickel and wife spoke of this forty to him as constituting their homestead, and that he never had any intimation to the contrary until after the commencement of this suit. In addition to all this, there is no testimony establishing the fact that *at or prior to the making of this mortgage,* July 7, 1858, this twenty acres constituted a part of the homestead, or was used and occupied as such. To use and occupy it as such *after* that time could not affect plaintiff's rights. If the husband had marked out and had recorded his homestead on the forty, prior to the giving of the mortgage, it would not be pretended that the wife could afterwards change the boundaries so as to affect the validity of the security. And if, instead of thus establishing it by visible monuments, he continually treats, uses and recognizes, or holds out to the world, a particular forty, upon which he resides, as such homestead, and third persons are influenced by such action, we do not see why the wife is not equally concluded. She ought not to

be allowed years afterward, at her mere will, to change the boundaries so as to affect and impair a security good and valid at the time it was given.

Reversed.