JAMES A. GIBSON *v.* MARY MUNDELL AND JAMES G. MUNDELL.

1. A mortgage of premises, no part of which constitutes the family homestead of the mortgage debtor, at the time of the execution and delivery of the mortgage, although not executed by the wife, is not affected by the subsequent selection and occupancy of the premises mortgaged, as the homestead of the mortgagor.

2. As against such mortgage, the wife of the mortgage debtor is not entitled to an assignment of a homestead in the premises mortgaged.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Pickaway county.

The original action was brought in the Pickaway common pleas by the plaintiff against the defendant, James G. Mundell, to foreclose a mortgage, by him executed and delivered to the plaintiff (his wife not joining), on the 2d day of March, 1875, to secure the payment of a promissory note of five hundred dollars due in twelve months from date, with interest at eight per cent. The description of the land mortgaged embraced sixteen acres. The plaintiff alleged by his petition, among other things, that the taxes on the land, then due, were unpaid, and his mortgage debt being due and unpaid, he prayed foreclosure and sale. The defendant failing to answer, a decree was entered, foreclosing the equity of redemption, and an order of sale issued to the sheriff, commanding him to sell the premises. While the order was in the hands of the sheriff, and before sale, the defendant, Mary Mundell, wife of defendant James, demanded that a homestead in said lands be set off to the family. The sheriff refused to comply with this demand, but proceeded to sell the premises. The fund was brought into court, and Mrs. Mundell being let into the case, moved the court that five hundred dollars of the fund arising from said sale be set off to her in lieu of a homestead; and upon said motion it was agreed between the parties " that at the time of the execution and delivery of the mortgage in the petition of the plaintiff described, said defendant (James) and his wife were not in the occupancy of said premises in said mortgage and petition described, but in a few days thereafter went into the possession of said premises, and have since continued to occupy the same as a homestead, and that previous to said sale, said Mary Mundell demanded of the sheriff under said order that he set off to her a homestead in said premises, which he refused to do," and there being no other evidence, the court ordered the motion overruled, to which order Mrs. Mundell excepted.

The mortgage fund was ordered distributed as follows :

First, to taxes unpaid, $20.45; second, to costs of pro-- ceeding; third, to the mortgage debt, and the balance to Mrs. Mundell. Upon error, the district court reversed the order of the common pleas. Leave is now asked to file a petition in error to reverse the judgment of the district court.

*Henry F. Page,* for the motion, on the question as to whether a mortgage of premises, not at the time of the execution of the mortgage, used or occupied as a homestead, is affected by the subsequent occupation of the premises as a homestead, cited *Holden* v. *Pinney,* 6 Cal. 235, 630; *Meyer* v. *Claus,* 15 Texas, 519; *Keiffers* v. *Barney,* 31 Ala. 192; *Allen* v. *Manasse,* 4 Ib. 554; *Rix* v. *McHenry,* 7 Cal. 89; *Benedict* v. *Burnell,* 7 Ib. 245; *Wisner* v. *Farnham,* 2 Mich. 472.

*Hall & Bostwick,* contra.

BOYNTON, J. It appears from the agreed facts, that at the time the premises described in the petition were mortgaged, they constituted no part of the family homestead of the defendants. They were not in the actual occupancy of them, and for aught that was shown, had never been. The question therefore arises, "Has the wife of a mortgagor of premises, not occupied as a homestead until after the mortgage is executed and delivered, she not having joined in the same, a right, upon foreclosure of the mortgage and sale thereunder, to have a homestead set off in the premises mortgaged?"

The common pleas answered this question in the negative and the district court in the affirmative. Its proper solution depends upon the construction to be given to the provisions of the homestead act. 2 S. & C. 1145; 66 Ohio L. 48; 70 Ohio L. 51. The defendant's counsel contend that this right is secured to the wife by the ninth section of that act. That section is as follows: "No sale of any real estate made under any mortgage hereafter executed, and which

shall not have been executed by the wife of such debtor, if he have one, shall in any manner affect the right of said debtor's wife or family to have a homestead set off under the provisions of this act." It was not the object of this provision to create in the wife a right to a homestead in premises not occupied as such. Nor does it confer on the wife the right, by occupying the mortgaged premises with her husband as a homestead at the time of the sale under the foreclosure of the mortgage, to select a homestead in the premises as against the mortgagee, his mortgage ante-dating the occupancy of the premises as a homestead. Its object is rather to preserve and confirm the rights of the wife and family than to create new ones. It declares that no sale under a mortgage to which she was not a party shall in any manner affect her right to have a homestead set off, under the provisions of the act of which that section constitutes a part. Its purpose seems to be plain and obvious, to guard and protect the existing rights of the debtor's wife and family, whatever they may be, from any injury supposed to result, or which independently of the statute might result, from a sale under a mortgage not executed by her. What those rights are, it does not undertake to determine. They are to be ascertained and defined by reference to all the provisions of the statute, in view of her relation to the premises mortgaged at the time the mortgage takes effect. If the homestead right has then attached, it continues, and has all the effect and operation of a prior incumbrance, unless waived. But if, before it attaches, the husband conveys the premises by mortgage, such mortgage can not be defeated, nor its lien impaired, by the subsequent selection of the mortgaged premises as a homestead. The refusal or failure of the wife to join in the execution of the mortgage, has the effect, and that only, to save to her such rights as she then has in the property mortgaged. If the premises have been selected, and are then occupied as a homestead by the family, her right upon foreclosure of the mortgage to have a homestead set off remains unaffected by the sale. In such case the right to the ex-

emption having attached before the mortgage is given, the rights of the mortgagee are inferior and subordinate to the homestead right of the wife. The construction contended for by counsel for the defendant would not only do violence to the plain provisions of the statute, but injustice would not infrequently result, if premises, vacant when incumbered by mortgage, could be selected as a homestead and the mortgage sale deferred, and the payment of the debt consequently postponed until the homestead right terminates or expires. Such construction finds no support in the statute.

By the first section (66 Ohio L. 48), it is provided that the family homestead of each head of a family shall be exempt from sale on execution on any judgment or decree rendered on any cause of action accruing after the taking effect of the act. The value of the homestead exempted is limited to $1,000.

Section 2 makes it the duty of the officer executing the writ, on application of the debtor, his wife, agent, or attorney, at any time before sale, if such debtor have a family, and if the lands or tenements about to be levied upon, or any part or parcel thereof, shall be the homestead thereof, to cause a homestead to be set off to such debtor. It is, by this provision, made an essential condition to the right to have a portion of the lands about to be levied on set apart as a homestead for the debtor or his family, that some part of such lands or tenements shall be the family homestead of the debtor. If the lands about to be levied on constitute no part of the family homestead, the officer executing the writ is not authorized to cause a homestead to be set off. The right of the debtor, or his wife, to demand the assignment of a homestead exists only where a homestead, in fact, is about to be levied on to satisfy a judgment against such debtor.

Lands or tenements that have not been occupied as a home or dwelling-place for the family have not been impressed with the character of a homestead, and can not be claimed as such. A sale and conveyance under a levy on

the lands in controversy at the date of the mortgage would have passed the title unaffected by any homestead right, as they were then unoccupied. And it can not be true that the owner may not sell or incumber that which may be seized by final process against him, and subjected to the payment of his debts.

The view we have taken is sustained by the authorities in other states having similar statutory provisions. In Smyth on Homesteads and Exemptions, 269, it is said: " The claim of a homestead will not prevail against a mortgage signed by the husband alone before actual occupation of the premises so claimed, or before selection, when the statute of the particular state requires formal selection and recording after occupancy. To entitle a mortgagor to a homestead in mortgaged premises, such mortgagor must not only be the head of a family, but at the time of the execution of the mortgage must reside with his family, and so continue to reside, on the mortgaged premises."

To the same effect are *Fergus* v. *Woodworth*, 44 Ill. 377; *Thompson* v. *Pickel et ux.*, 20 Iowa, 490; *Rix* v. *McHenry*, 7 Cal. 89; *Gregg* v. *Bostwick*, 33 Cal. 220; *Lawton* v. *Bruce*, 39 Maine, 484; *Austin* v. *Stanley*, 46 N. H. 51.

If we are correct in holding that the wife, as against the mortgage, was not entitled to a homestead, it follows that section four of the amendatory act of 1869 has no application to the case. That section confers on the debtor or his wife the right to a part of the proceeds of the sale only where the homestead is charged with liens, some of which do not preclude the allowance of such homestead. There are no such liens here. There was no right to a homestead against either the lien for taxes or of the mortgage. Nor has section eight, misnumbered three, of the act, as amended in 1873 (70 Ohio L. 51), any bearing upon the question. If the wife was not entitled to a homestead, as against the mortgage, she is not entitled to the mortgage fund, nor any part of it needed to pay off the mortgage debt.

The statute authorizing her to select, in case there is no homestead, property, personal or real, of the value of five

hundred dollars, confers no right to select where the debtor himself could not. As was said in *Haines* v. *Tiffany*, 25 Ohio St. 554, the selection is made, in all such cases, in right of the debtor, and when he has disposed of the property, the right does not exist.

In reaching this conclusion, we have not been unmindful of the fact, that the laws exempting a family homestead and other property from forced sale to pay the debts of an improvident debtor, originated in a salutary and humane policy, and that they should receive such construction as will accord with the beneficent object of their enactment. But the language of the statute being clear, we are not at liberty to enlarge its import, or strain its meaning, in order to bring within its operation, a case clearly without its provisions.

Motion granted, judgment of the district court reversed, and the order of the common pleas affirmed.