## BURNS v. ANDERSON ET UX.

PROMISSORY NOTE.—*Interest after Maturity, when not Provided for.—Case Overruled.*—Where a promissory note does not provide what the rate of interest shall be after the maturity thereof, it bears, after that time, the rate fixed by law to govern in the absence of contract upon the subject. *Kilgore* v. *Powers*, 5 Blackf. 22, overruled on this point.

SAME.—*Interest on Judgment.*—Under the act of Feb. 5th, 1873, 1 R. S. 1876, p. 600, a judgment rendered on a contract shall bear the same rate of interest that the contract is bearing at the time it is merged in the judgment.

From the Wabash Circuit Court.

*M. H. Kidd*, for appellant.

SCOTT, J.—This suit was commenced in the Wabash Circuit Court on the 22d day of November, 1877, against William and Rhoda Anderson, the appellees, to recover judgment on a note given by William Anderson and to foreclose a mortgage given by both to secure its payment. Rhoda was the wife of William. The complaint is in the usual form. The appellees answered the general denial, and the parties agreed that all matters of defence might be given in evidence under this answer. A jury was waived and the cause submitted to the court. There was a finding for the appellant in the sum of $1,555.38. There was a motion for a new trial by the appellant, which was overruled and exception. The appellant then moved for a judgment bearing ten per cent. interest, which was overruled and the appellant excepted to this ruling, and judgment was pronounced bearing six per cent. interest. The evidence is in the record.

The appellant assigns, as errors, the overruling of his motion for a new trial, and the overruling of his motion for a judgment bearing ten per cent. interest on the amount found due him.

The following is a copy of the note:

" $3,526.50. WABASH, IND., Oct. 23d, 1873.

" Thirty-six months after date, I promise to pay to the

order of Daniel Burns, three thousand five hundred and twenty-six dollars and fifty cents, with interest at ten per cent. per annum, value received, without any relief whatever from valuation or appraisement laws.

"WILLIAM ANDERSON."

The following are the facts substantially as sworn to by both parties:

Appellee William Anderson borrowed of appellant, September 20th, 1856, $200.00, and gave his note due one day after date, and agreed by parol to pay him 12 per cent. interest. On the 15th day of March, 1859, the parties compounded the interest at 12 per cent., due on this note, and added it to the principal, and appellee gave a new note for the same. On August 16th, 1861, the parties again compounded the interest due in the same way, and a renewal note was given for this and the principal. On the 3d day of July, 1861, appellant borrowed of appellee $440.00 more, giving his note for $500.00, appellee reserving 12 per cent. interest for the year. On the 18th day of November, 1861, appellee's brother took up both these notes, and, incorporating the amounts with a debt of his own, gave his note for all. This note was renewed by the brother, August 16th, 1867, and the interest compounded and charged at 12 per cent. as before. On the 23d day of November, 1872, the debt of appellee was separated from that of his brother and a new note given by appellee William Anderson, including interest compounded at 12 per cent. yearly as before. November 23d, 1873, the interest was again added at 12 per cent. and the note in suit given, which also included interest compounded annually at 12 per cent. to maturity. All the notes given were due one day after date, except the one in suit, and silent as to interest. The interest was always compounded after due except in the case of the note sued on, and time always given on both principal and interest.

Payments were made on these notes as follows: February 18th, 1871, $100.00. April 1st, 1871, $400.00. October 23d, 1872, $10.00.

This case is like the case of *Burns* v. *Anderson*, *ante*, p. 181, decided at the present term of this court, except, that in that case the note did not specify any rate of interest, and in this case the note does provide for ten per cent. per annum. The question as to the method of computing the interest was fully decided in that case, and what is said there applies to this case as to the method of computing interest up to the time of giving the note sued on in this case.

We are unable to tell the precise method adopted by the circuit judge in computing the interest. But we presume that the interest was computed at six per cent. up to the giving of the note sued on; then ten per cent. on the amount due at that time, until the maturity of the note, and six per cent. after the maturity of the note until the time the judgment was rendered; and, in fixing the rate of interest the judgment should bear, the court applied the rule, that all judgments on contract should bear the same rate of interest which the contract is bearing at the time it is merged in the judgment.

Two questions are presented for our determination:

1. What rate of interest did the note bear after maturity?

2. What rate of interest should have been specified in the judgment?

The appellee promised to pay the appellant so much money, with ten per cent. interest, on a day certain. He violated his contract, and did not pay. The law in force at the time this promise was made provided, that for its violation the parties themselves might fix, in writing, the measure of damages, not, however, to exceed ten per cent. per annum. In the absence of an agreement in writing,

fixing the measure of damages, the law fixes the measure of damages, in such a case, at six per cent. per annum. In this case the note did not provide what the rate of interest should be after maturity. The law therefore fixed the rate of interest, as a measure of damages, at six per cent. per annum after the maturity of the note.

In the case of *Brewster* v. *Wakefield*, 22 Howard, 118, Mr. Chief Justice TANEY, in delivering the opinion of the court upon this precise question, uses the following language :

" The contract being entirely silent as to interest, if the notes should not be punctually paid, the creditor is entitled to interest after that time by operation of law, and not by any provision in the contract."

And further along in the opinion, he says :

" Nor is there anything in the character of this contract that should induce the court, by supposed intendment of the parties or doubtful inferences, to extend the stipulations for interest beyond the time specified in the written contract. The law of Minnesota has fixed seven per cent. per annum is a reasonable and fair compensation for the use of money ; and where a party desires to exact, from the necessities of the borrower, more than three times as much as the Legislature deems reasonable and just, he must take care that the contract is so written, in plain and unambiguous terms ; for, with such a claim, he must stand upon his bond."

This was, at the time, sustained by authority, and has been since followed by the Supreme Court of the United States in *Holden* v. *The Freedman's Savings & Trust Co.*, October term, 1879, and, in our opinion, expresses the correct rule. The case of *Kilgore* v. *Powers*, 5 Blackf. 22, is expressly overruled on this point. We are not aware of any other cases, in this court, that have followed *Kilgore* v. *Powers, supra*. If there are any, they are also overruled.

. The next question must be determined by the interpretation of the act of February 5th, 1873.   1 R. S. 1876, 600.   We copy that portion of the statute bearing directly upon this question :

" Sec. 1.  That all judgments on contract, hereafter rendered, shall bear the same rate of interest expressed in the contract upon which such judgment is rendered."

This evidently means that a judgment rendered on a contract shall bear the same rate of interest which the contract is bearing at the time it is merged in the judgment; and, as we have decided that the note was bearing only six per cent. interest from its maturity to the time of the rendition of the judgment, it follows that the judgment should only bear six per cent. interest.

The judgment is affirmed, at the costs of the appellant.