No. 7664.

RICHARDS, GUARDIAN, v. MCPHERSON ET AL.

VENDOR'S LIEN.—*Mortgagee.*—*Notice.*—In an action to enforce a vendor's lien, an averment in the cross complaint of a mortgagee, that "he had no notice" that the purchase-money or any part thereof was unpaid, is sufficient on demurrer.

Richards, Guardian, *v.* McPherson *et al.*

SAME.—*Waiver.*—*Mortgage.*—The holder of a vendor's lien, by taking a mortgage to secure the unpaid purchase-money, waived his vendor's lien, and, having satisfied his mortgage and taken the note of a subsequent purchaser in lieu of it, he can not revive such lien.

SAME.—*Equitable Lien.*—*Abandoned Once, Abandoned Forever.*—An equitable lien for purchase-money, once fairly and voluntarily abandoned, is abandoned forever.

MORTGAGE.—*Satisfaction.*—To constitute an effective satisfaction of a mortgage, it is sufficient to state by an entry upon the mortgage record, that "this mortgage is fully and completely satisfied."

SAME.—*Interest.*—A mortgage dated October 23d, 1875, with provision for interest at ten per cent. from date, bears interest at that rate until maturity only, and afterward at six per cent.

SAME.—*Excess of Interest.*—*Reversal.*—*Remittitur.*—A judgment which includes an excess of interest will be reversed, unless the excess be remitted by the appellee.

From the Monroe Circuit Court.

J. W. *Buskirk* and H. C. *Duncan*, for appellant.

J. H. *Louden* and R. W. *Miers*, for appellees.

BICKNELL, C.—This was a suit by the appellant against the appellees, McPherson and wife and Robert Reed. After the appeal was taken, Robert Reed died, and John Reed, his administrator, was substituted in his place by consent. The material facts in the case are these: The appellant, as guardian, had sold certain real estate of his wards, and by order of the proper court had made a deed therefor to Scott & Campbell, the purchasers, and had taken a mortgage from them and their wives to secure part of the purchase-money. The deed and the mortgage were duly recorded. Afterward the appellant and Scott & Campbell and McPherson made an agreement, by virtue of which Scott & Campbell sold the land to McPherson, who gave his note to appellant for the unpaid purchase-money, and appellant satisfied the mortgage given to him by Scott & Campbell, by an entry upon the record thereof in these words: "This mortgage is fully and completely satisfied." This arrangement was made without the sanction of the court and without any application to the court in that behalf. Scott & Campbell made the deed for

the land to McPherson's wife, who paid nothing, and who knew that her husband had paid nothing, and the deed was thus made, without the consent or knowledge of appellant. McPherson then borrowed five hundred dollars from the original appellee, Robert Reed, and, to secure the repayment thereof, he and his wife mortgaged the land to said Reed, and this mortgage was duly recorded, and said Reed had no notice when he took it that the original purchase-money of the land was unpaid. The value of the land did not exceed five hundred dollars, and McPherson was insolvent and without any property.

Upon the foregoing facts the appellant brought this suit to obtain a judgment upon the note given him by McPherson, and to make that judgment a vendor's lien upon the land as against McPherson and wife and Robert Reed. His complaint averred that Robert Reed took his mortgage with full knowledge of the unpaid purchase-money. McPherson and wife answered in denial. Robert Reed answered in two paragraphs. The first paragraph was in denial. The second was a cross complaint, setting up his mortgage from McPherson and wife, taken without notice, and praying judgment against McPherson, foreclosure against all the parties, and the sale of the land. McPherson and wife answered in denial of the cross complaint. The appellant answered the cross complaint in three paragraphs, the third of which was a denial merely. The first paragraph recited the principal facts aforesaid, averring that the deed to McPherson's wife was made without appellant's knowledge, and concluding thus: "Wherefore said Isabella McPherson had no title to said lands, and the said Reed was chargeable with notice of that fact, by reason of said deed and mortgage being of record as aforesaid, and there being no record of authority, and none in fact of said court, for any such change of title and security by said guardian."

The second paragraph of appellant's answer to Reed's

Richards, Guardian, *v.* McPherson *et al.*

cross complaint, after reciting the principal facts, averred
that Scott & Campbell and McPherson "represented to ap-
pellant (which was also true in fact), that said deed had been
executed to McPherson, and that thereupon appellant had
satisfied his mortgage of record, but that the 'satisfaction
did not state that the purchase-money had been paid, but
was in these words: Thereby acknowledge full and complete
satisfaction of this mortgage;' that afterward Scott & Camp-
bell and McPherson destroyed the deed to McPherson, and
executed said deed to his wife; wherefore 'said Isabella Mc-
Pherson had no legal title to said real estate, and could not
create any lien.' "

There were no further pleadings. The cause was submit-
ted to the court for trial upon the complaint, the cross com-
plaint of Reed, and the exhibits and answers. The court
found for the appellant against McPherson on his note, and
that the same was given for purchase-money, and that Isa-
bella McPherson took the title with full knowledge that the
purchase-money was unpaid, and that McPherson was with-
out property. The court found for the appellee Reed against
McPherson for the money loaned, and that the mortgage
held by Reed should be foreclosed as to all other parties.

The appellant moved for a new trial, because—

1st. The finding of the court was not sustained by suffi-
cient evidence.

2d. The finding of the court was contrary to law.

3d. The damages assessed against McPherson were ex-
cessive.

4th. The amount of recovery assessed in favor of the ap-
pellee Robert Reed was too large.

The motion for a new trial was overruled, and judgment
was rendered upon the finding, and for the foreclosure of
Reed's mortgage as to all the other parties, and for the sale
of the land and the application of the proceeds, first, in pay-

ment of costs, then in payment of Reed, and the surplus, if any, to be brought into court to be paid to the appellant.

The errors assigned by appellant are as follows :

*First.* In overruling appellant's demurrer to Reed's cross complaint.

*Second.* In sustaining Reed's demurrer to the first and second paragraphs of appellant's answer to Reed's cross complaint.

*Third.* In overruling appellant's motion for a new trial.

The second of these errors is not available, because there were no demurrers to the first and second paragraphs of appellant's answer to Reed's cross complaint.

As to the first alleged error, the appellant claims that Reed's cross complaint was insufficient, because it states that Reed "had no notice," etc., and the appellant claims that the averment ought to have been that Reed "had no knowledge," etc. ; but the language of the cross complaint is, "At the time said Reed took said mortgage he had no notice that the purchase-money for said real estate was unpaid, or any part thereof." The demurrer to the cross complaint was properly overruled.

As to the motion for a new trial : If the appellant held a vendor's lien for purchase-money, he could not enforce it against a *bona fide* purchaser without notice. The evidence showed that the appellee Reed was such a purchaser. But, the appellant having taken a mortgage upon the land to secure the unpaid purchase-money, he thereby waived that vendor's lien. *Harris* v. *Harlan*, 14 Ind. 439. When he satisfied his mortgage and took the note of McPherson in lieu of it, he did not thereby revive that vendor's lien. An equitable lien for purchase-money, once fairly and voluntarily abandoned, is abandoned forever. *Mattix* v. *Weand*, 19 Ind. 151.

If a new vendor's lien arose in favor of Scott & Campbell against McPherson, and if that new lien passed to the appel-

lant, with the McPherson note, that new lien could not be enforced against Robert Reed, who took his mortgage without notice of any purchase-money unpaid. The appellant's counsel suggest that a satisfaction of a mortgage is not effective, unless it states that the money is paid. But that is not so; it is sufficient to state that "this mortgage is fully and completely satisfied."

There was no error in this case, except in the amount found due to Reed upon McPherson's mortgage; that mortgage was given to secure "five hundred dollars, to become due and payable on or before the 23d day of October, 1876, with interest at ten per cent. from the date of this mortgage." The mortgage was dated October 23d, 1875.

Formerly, in Indiana, such a mortgage bore ten per cent. interest until paid. *Kilgore* v. *Powers*, 5 Blackf. 22. The finding of the court allowed interest to that extent, but *Kilgore* v. *Powers* was overruled, as to this point, in *Burns* v. *Anderson*, 68 Ind. 202, when this court, following the ruling in *Brewster* v. *Wakefield*, 22 How. 118, held that in such a case the writing bears interest at the rate expressed therein until the maturity thereof, and afterwards at six per cent. The court, in its finding, allowed interest at ten per cent. up to the date of the judgment. For this error, the motion for a new trial ought to have been granted, unless the appellee Reed remitted the excess. The excess might diminish the surplus payable to appellant under the judgment. He has, therefore a right to complain of it. The counsel for Reed, in their brief, offer "to remit the excess, say $35," and we think such remission ought to be allowed. The judgment of the court below ought to be affirmed, if the appellee John Reed, administrator, etc., shall, within sixty days from this date, enter upon the record of this court a remittitur for the said sum of thirty-five dollars. Otherwise the judgment of the court below ought to be reversed.

PER CURIAM.—It is therefore ordered upon the foregoing

opinion, that if the said appellee John Reed, administrator, etc., shall, within sixty days, enter upon the record of this court a remittitur for the said sum of thirty-five dollars, then the judgment of the court below shall be in all things affirmed, at the costs of said appellee, and that if such remittitur be not so entered, then the judgment of the court below shall be in all things reversed, at the costs of said appellee.