### No. 9173.

### SHAW ET UX. *v.* RIGBY.

PROMISSORY NOTE.— *Interest after Maturity.— Measure of Damages.— Cases Overruled.*—Where an interest-bearing promissory note contains no provision for any rate of interest after its maturity, in a suit upon such note interest after its maturity will be recoverable as damages, and the proper measure of such damages will be the rate of interest borne by the note before its maturity. *Burns* v. *Anderson,* 68 Ind. 202, and the cases which follow it, overruled on this point.

From the Clay Circuit Court.

*S. M. McGregor* and *I. M. Compton,* for appellants.

*S. W. Curtis,* for appellee.

HOWK, J.—This was a suit by the appellee upon a note and mortgage executed to him by the appellants. The note was in the words and figures following, to wit:

"$723.00.　　　　　　　　JANUARY 12th, 1872.

"One day after date we promise to pay to the order of Elias Rigby seven hundred and twenty-three dollars, with 10 per cent. interest, value received, without any relief from valuation or appraisement laws.

(Signed)　　　　　　　　"HARRIET E. SHAW,

"GEORGE P. SHAW."

The appellants severed in their defence. Harriet E. Shaw answered that, at the time she executed the note in suit, she was and since had been the wife of her co-defendant. George P. Shaw answered by a general denial, and by a plea of payment. The appellee replied by a general denial to the appellants' special answers. The issues joined were tried by the court, and a finding was made for the appellant Harriet E. Shaw, as to the note in suit, and for the appellee against the appellant George P. Shaw upon said note, in the sum of $1,353.59, and against both appellants for the foreclosure of the mortgage sued upon. The appellants' motion for a new trial having been overruled, and their exception saved to this ruling, the court rendered judgment for the appellee upon and in accordance with its finding.

The only error assigned by the appellants in this court is the overruling of their motion for a new trial. The cause for a new trial, upon which they rely for the reversal of the judgment below, is the alleged error of the trial court in the assessment of the amount of appellee's recovery, in that it was too large. It is manifest from the amount of the finding and judgment, in this cause, that the court allowed the appellee interest upon the note in suit, from the date of the note until the date of the rendition of the judgment, at the rate of ten per centum per

annum. The appellants' counsel earnestly insist that, by the terms of the contract, the appellee was entitled to ten per cent. interest from the date until the maturity only of the note; that, after its maturity, the note did not contain any written contract for any specified rate of interest; and that, for this reason, the appellee was only entitled, after the maturity of the note, to such rate of interest as the law prescribed in such a case, to wit, six per centum per annum.

In *Kilgore* v. *Powers*, 5 Blackf. 22, the note in suit, a copy of which is given in the opinion, contained the same stipulation, in the same words and figures, in regard to interest, as is contained in the note sued upon in the case at bar. The point was made in the case cited that interest at ten per cent. should only have been allowed up to the time when the note became due, and from that period that only six per cent. should have been allowed. The trial court had given interest at the rate of ten per cent. from the date of the note to the time of judgment, and the defendant claimed that this was error. Upon this point the court said : " In this the defendant is mistaken. The interest is correctly calculated conformably to the terms of the contract."

For more than forty years the doctrine of the case cited was the rule recognized and acted upon by the courts of this State in determining the amount of interest to be allowed in suits on interest-bearing contracts. In *Burns* v. *Anderson*, 68 Ind. 202 (34 Am. R. 250), decided in 1880, this court overruled the case of *Kilgore* v. *Powers, supra,* and prescribed a different rule for the computation of interest on an interest-bearing contract after its maturity, where the contract itself did not in terms provide the rate of interest, if any, it should bear after it became due. In *Burns* v. *Anderson, supra,* this court adopted and followed the rule laid down by the Supreme Court of the United States in *Brewster* v. *Wakefield*, 22 How. 118. In that case, in pronouncing the opinion of the court, Mr. Chief Justice TANEY said :

" The contract being entirely silent as to interest, if the

notes should not be punctually paid, the creditor is entitled to interest after that time by operation of law, and not by any provision in the contract."

The rule thus declared was to give the contract rate up to the maturity of the contract, and thereafter the rate prescribed by statute in cases where the parties themselves had fixed no rate; and this rule has since been approved and followed by the Supreme Court of the United States in the later cases of *Burnhisel* v. *Firman*, 22 Wal. 170, and *Holden* v. *Trust Co.*, 100 U. S. 72.

If we adhere to the rule declared in *Burns* v. *Anderson*, *supra*, there can be no doubt but that the trial court erred in the case now before us in assessing the amount of appellee's recovery. For, in that event, we must hold that the appellee was entitled to recover interest at the rate of ten per cent. per annum, for only one day; and that for the eight years, nine months and thirteen days, which intervened between the maturity of the note in suit and the date of the rendition of judgment thereon, he was only entitled to recover interest at the rate of six per cent. per annum. We are earnestly requested by the appellee's counsel to overrule the case last cited upon the point under consideration, and to re-assert the rule declared in *Kilgore* v. *Powers*, *supra*, and this, we think, ought to be done. In the recent case of *Union Institution, etc.*, v. *Boston*, 129 Mass. 82 (37 Am. R. 305), upon the question we are now considering, GRAY, C. J., said: "That the interest after the breach of the contract, though not strictly recoverable as part of the debt, but rather as damages, is ordinarily to be measured, according to the intention manifested by the contract, by the standard thereby established." This view of the case meets our full approval.

In this case the intention of the parties to the contract is clearly shown by the record. Although the note in suit was made payable one day after date, yet the execution of the mortgage by the appellants and the recording of the mortgage

by the appellee, as it seems to us, clearly indicate that it was not the intention nor the expectation of the parties to the note that it should be paid at maturity, or, if not then paid, that it should bear a less rate of interest than the stipulated rate of ten per cent. The interest on the note at ten per cent. for one day only would not pay the one-half of the ordinary expenses of the parties, in the drafting, acknowledgment and record of the mortgage. It is evident, we think, that it was the intention of all the parties that the debt, evidenced by the note and secured by the mortgage, should be allowed to stand for an indefinite period of time, perhaps for years, as a debt secured and bearing interest at the rate of ten per cent. per annum. If the intention of the parties, as shown by their contract, should be regarded, as in our opinion it should be, as the proper standard for the measurement of the appellee's damages, after the maturity of the note in suit, then it is clear that the trial court committed no error in this case in its assessment of the amount of appellee's recovery. Upon the point under consideration we are satisfied that this court fell into an error in *Burns* v. *Anderson, supra;* and, therefore, upon that point, that case and the case of *Richards* v. *McPherson,* 74 Ind. 158, must be and are overruled.

The rule declared in *Kilgore* v. *Powers, supra,* and which we now re-assert and declare to be the proper rule for the measurement of the plaintiff's damages in such suits as the one at bar, has been approved by the decisions of the courts of last resort in many of the States of the Union. *Brannon* v. *Hursell,* 112 Mass. 63; *Corcoran* v. *Doll,* 32 Cal. 82; *Hopkins* v. *Crittenden,* 10 Tex. 189; *Wilson* v. *Marsh,* 2 Beasley, 289; *Heartt* v. *Rhodes,* 66 Ill. 351; *Spencer* v. *Maxfield,* 16 Wis. 178; *Pruyn* v. *City of Milwaukee,* 18 Wis. 367; *Hand* v. *Armstrong,* 18 Iowa, 324; *Thompson* v. *Pickel,* 20 Iowa, 490; *McLane* v. *Abrams,* 2 Nev. 199; *Overton* v. *Bolton,* 9 Heisk. 762 (24 Am. R. 367); *Monnett* v. *Sturges,* 25 Ohio St. 384; *Marietta Iron Works* v. *Lottimer,* 25 Ohio St. 621; *Warner* v.

*Juif,* 38 Mich. 662; *Cecil* v. *Hicks,* 29 Grat. 1 (26 Am. R. 391); *Etnyre* v. *McDaniel,* 28 Ill. 201.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.