Nash, J.
The important question to be decided in this case arises under the homestead act of April 9, 1869 (66 Ohio Laws, 48). The debt upon which Wildermuth obtained his judgment was contracted after the enactment of this law. The judgment became a lien upon a certain parcel of real estate belonging to the defendant in error' upon the first day of the October (1877) term of the common pleas court. The real estate was' not used as a homestead until June, 1878. The principal question presented is: “Was the judgment debtor, as against this lien, entitled to the assignment of a homestead in the premises? ”
The determination of this question must depend largely upon the intention of the legislature as it is made manifest in the homestead act of 1869. The supreme court, in speaking of the homestead act of 1850, said, in effect, that its object was not to protect the debtor, but to protect his family from the inhumanity which would deprive its dependent members of a home, and further said that “ in aid of this wise and humane policy, the whole act should receive as liberal a construction as can be fairly given to it.” Sears v. Hanks, 14 Ohio St., 298.
The legislature in the act of 1869 had in mind the same *185 liberal policy, and by its amendments to the act of 1850 increased the benefits given to the families of debtors. Remembering that the statute must be given a liberal construction, we now proceed to consider it in connection with the question made in this case.
Section one gives to the head of a family the right to have a homestead exempt from execution, and reads as follows : “ That the family homestead of each head of a family shall be exempt from sale on execution on any judgment or decree rendered on any cause of action accruing after the taking effect of this act, provided that such homestead shall not exceed one thousand dollars in value.”
One of the prominent features of this section is that the legislature was careful not to impair the obligations of existing contracts. It provided that the exemption should only be given in cases founded upon causes of action arising after the taking effect of the act. The language of the section is broad enough to cover any real estate impressed with the character of a homestead at the time a levy or seizure is about to be made. A legislature so careful as this one seems to have been in exempting from the provisions .of this act judgments upon causes of action accruing prior to its taking effect, would have made another exception if it had intended that its broad words should not cover real estate taking on the character of a homestead after a judgment lien had attached, but before the premises were about to be seized upon execution or order of sale.
Section two of this act only provides the manner in which, the right given to debtors and their families by section one may be secured, yet its words are significant as showing the intent of the general assembly. The following are its words:
“ That the sheriff or other officer executing any writ of execution founded on any judgment or decree, such as is mentioned in the first section of this act, on application of the debtor, his wife, agent or attorney, at any time before sale, if such debtor have a family, and if the lands or tenements about to be levied icjpon, or any part or parcel thereof, *186 shall be the homestead thereof, shall cause the inquest of appraisers, etc.”
We are not compelled to resort to a liberal construction of these words to see that the legislature intended that real estate having the character of a homestead, when it is about to be levied upon, should be set off for the use of the debtor’s family. A literal construction gives this meaning to them.
Section four recognizes two classes of liens — liens which preclude the allowance of a homestead and liens which do not preclude such an allowance.
The supreme court in the case of Gibson v. Mundell, 29 Ohio St., 523, held that a mortgage lien created by the debtor before the premises had been impressed with the character of a homestead, was a lien which precluded the allowance of a homestead. We conclude that a judgment lien attaching before the realty has received the characteristics of a homestead, is not a lien precluding the allowance of such homestead. One lien is created by the act of the head of a family for a present consideration. The other is created by the operation of law.
Before real estate has assumed the character of a homestead the owner has the right to convey it to another by a mortgage deed. To subsequently permit him to decrease the value of his contract by taking possession of the property as a homestead, would encourage the practical repudiation of contracts. The same objection does not bar the allowance of a homestead in real property to which a judgment lien 'attached before it became a homestead.
In reaching this conclusion we have followed the evident policy of the act of 1869.

Judgment affirmed.