Smith, J.
The facts in this case,- as they appear from the pleadings and record and the finding of the facts by the court of common pleas, are these: Nixon recovered a judgment in said court against Vankdyke, Nov. 28, 1885, for over $1,400, on which judgment an execution issued December 1885, and was levied on the land in this county, in controversy — and on account of there being an outstanding mortgage thereon, made by Vandyke to Benedict, the petition in this case was filed, to marshal the liens on the property and to have it sold to pay the same. It was filed January 22, 1886, and Vandyke and Benedict were defendants thereto.’
*64 Benedict filed an answer and cross-petition setting up his mortgage claim, on which there was alleged to be due about $250. Vandyke filed no answer, either to the petition or cross-petition. The court found that the judgment of Nixon was a lien upon the land, and the amount due him thereon, and ordered, that unless the amount should be paid by a short day named, that the sheriff should proceed to appraise, advertise and sell the land described, and return his proceedings with the money to abide the order of the court. No finding was made as to the Benedict claim, though the defendant Vandyke was in default as to the cross-petition; but the question as to his rights under his mortgage were expressly reserved for future adjudication by the court.
On this decree an order of sale issued, March 3,1886, and on March 4th the premises in question were appraised under the direction of the sheriff, at $1,800, and immediately advertised for sale.
During all this time, and until April 6,1886 (a few days before the time fixed for the sale), Vandyke was an unmarried man, not living with an unmarried daughter or an unmarried minor son ; but on said sixth day of April, he married a wife who was not the owner of a homestead, and on the 9th of April was living in and occupying said premises with his said wife, and demanded of the sheriff to assign to him a homestead therein. This the sheriff did, and returned the order showing what had been done. A motion was then filed by Nixon to set aside this assignment, but the court refused to do so, and adjudged on these facts that Vandyke was entitled to it — and this judgment Nixon now seeks to reverse.
Passing for the present the question which was not argued by counsel, whether in an action brought to marshal liens on real estate, and to sell the same for the payment of such liens, and when it appears that some of the liens are such as preclude the allowance of a homestead (as was the Benedict mortgage), and the other did not (as in the case of the Nixon judgment), it is proper practice to take a decree of sale on the latter and have no decree on the former, we consider the question argued by counsel, and deal with this case as if it were one in which a simple decree had been rendered on a de *65 mand, against which a homestead claim might be asserted if the facts warranted it. And the question is, had Vandyke such a right in this case.
This depends in our view upon the language of the statute. If it be clear that it does, it must have this effect however hardly it may seem to operate in this case upon the judgment creditor. Counsel for plaintiff in error have argued strenuously, that if the statute does so provide, that it is unconstitutional and invalid, as being in the nature of a retro-active law, and aRo as being one which impairs the obligation of a contract, by providing that although a person may have a statutory lien on real estate, it may be impaired by the marriage of the debtor after the lien attached.
But we think neither of these claims is well founded — for, in the first place, the statute in question was in force at the making of the contract and the attaching of the lien, and in contemplation of the law, was a part of the contract — and therefore, if it provided that the lien might be divested by the marriage of the judgment creditor after the lien, or levy either, it binds the parties, for it does not violate any contract.
The question then is this: Does our statute provide expressly, or by fair implication, that after the levy of an execution on real estate, or the seizure and appraisement thereof under an order of sale, the judgment debtor being at that time not entitled to a homestead therein, he can, after that time, by the occupation thereof by his family as a homestead, or by marrying a wife and bringing her to reside thereon, at any time before the sale thereof, become entitled to have it set-off to him as his homestead.
Sections 5435 and 5438 are those which determine this question. Under the provisions of section 5435, which declare that “ husband and wife living together ” * *' * “ may hold exempt from sale on judgment or order, a family homestead not exceeding one thousand dollars in value,” Vandyke was clearly entitled to have the assignment made, unless this right is limited by other sections of the statute — for he and his wife were living upon the premises as the family homestead, when the demand was made for the assignment, and neither of them had any other homestead.
*66 Sec. 5434 does limit the cases on which this is to be done, but none of the provisions of this section apply to this case. The supreme court has also held in the case of Wilson v. Scott, 29 Ohio St., 636, that there is another limitation not expressly made by statute, that is, that “ where a man executes a mortgage and afterwards marries and becomes the head of a family, a family homestead in the mortgaged property is subject to the mortgage.”
But there is still another limitation on the right to a homestead by the terms of sec. 5438, and upon the proper construction of the language there used, as we think, the right of Vandyke to this homestead depends.
It provides, that, “ the officer executing any writ of execution founded on a judgment or order, shall- on the application of the debtor, his wife, agent, or attorney, at any time before sale, if such debtor has a family, and if the lands and tenements, about to be levied on, or any part or parcel thereof constitute the homestead,” cause it to be set off. * * *
The true meaning, of this section, we think, is this, that if the lands and tenements seized by the officer, or about to be seized, do, at that time, constitute the family homestead; that is, that the debtor at that time is entitled to claim it as such, then, that the officer, at any time before the sale (though not demanded at the time of the levy or seizure under the writ), must, on the application of the debtor, his wife, agent, or attorney, make an assignment thereof.
But if at the time of the seizure of the property, the debtor was not entitled to it as a homestead, the fact that he become the head of a family thereafter, would not entitle him to have the homestead therein assigned to him.
This seems to us the just and fair construction to be given to the language of the section, and this, we think, is, in effect, the construction placed upon it by the supreme court commission in both of the cases cited by counsel, and which are supposed to be in conflict, the one with the other, on this point. The two cases are, Selders v. Lane, 40 Ohio St., 345; and Wildermuth v. Koenig, 41 Ohio St., 180. The first of the two, as we understand it, presents a case almost identical with the one at bar. In it the attachment was levied on personal *67 property, the debtor being then unmarried and thus not entitled to the articles attached, in lieu of a homestead. But after the attachment was levied, he married and demanded the exemption. The court held that sec. 5441, which provides “ that any resident of this state, who is the head of a family, and not the owner of a homestead, may hold exempt from levy and sale, real or personal property to be selected by such person, his agent or attorney, at any time before sale, not exceeding $500 in value, etc.,” did not give him a right to such exemption under the circumstances named, and that as he was not entitled to it at the time of the levy, “ his claim based on his subsequent marriage was not within either the letter or spirit of the statute.” The case in 41 Ohio St., 180, is entirely consistent with that in the 40th. The decisions were by the same court, rendered .within a short time of each other, and there is no intimation in the last, that it did, or was intended to modify the holding in the other — and we think that the language of the decision recognizes the construction we have given the statute to be the correct one. In that case the judgment became a lien in Oct. 1877. In June, 1878, but before the property was about to be levied upon, or seized under an order of sale, it was occupied by the debtor as his family homestead. -The court held that as against the lien which attached on the recovery of the judgment, the debtor was entitled to the homestead. They say: “ The language of the section is broad enough to cover any real estate, impressed with the character of a homestead, at the time a levy or seizure is about to be made.” * * * “We are not compelled to resort to a liberal construction of these words to see that the legislature intended the real estate having the character of a homestead, when it is about to be levied upon, should be set off for the use of the debtor’s family. A literal construction gives this meaning to it.”
In Gibson v. Mundell, 29 Ohio St., 523, the court in construing sec. 2 of the law as it then stood, corresponding to sec. 5438 of the revision, say: “ It is by this.pro vision made an essential condition to the right to have a portion of the lands about to be levied on, set apart as a homestead for the. debtor or his family, that some part thereof shall be the family homestead of the *68 debtor. If the lands about to be levied on constitute no part of the family homestead, the officer executing the writ is not authorized to have a homestead set off. The right of the debtor or his wife to demand the assignment of a homestead, exists only when a homestead in fact is about to be levied on to satisfy a judgment against such debtor.”
In view of the language of the statute, and the construction given to it by the supreme court, we think it clear that the court erred in refusing to set aside such assignment, and in adjudging Vandyke to be entitled to it, and this judgment must be reversed.
As to the proper practice in a case of this kind, where one of the liens precludes the allowance of a homestead and the other does not, in the matter of rendering a judgment, we will speak briefly, though the action of the court is not questioned by the petition in error. But it seems clear to us, that the object of the petition being to marshal the liens upon the property and sell the property free from the claims of all the parties to the suit against it, that the decree should settle such rights. And as in this case, as against the mortgage of Benedict, a homestead lien could not be asserted, we think his claim should have been adjudicated and an order taken for the sale of the property to pay any amount due thereon. It is objected that the court can not compel a person to present his lien, or having it presented to take a judgment upon it. But if he does not chose to set up his claim, the court can bar him of his right, or if he does, can compel him to proceed to judgment, and in a case like this, could decree the amount due to each, and order-that unless paid within a given time, the property be sold on the application of any of the lien-holders interested therein, and free of the homestead right of the judgment debtor. In such case the rights of such judgment debtor, as to the allowance of a homestead right, would stand on a different footing. It would then be governed by the provisions of sec. 5440, which in such cases gives to the judgment debtor, if he is the head of a family, as against the liens which do not preclude such allowance, the sum of $500 from the proceeds of sale, in lieu of the homestead itself. And the rule then seems to be, as decided in Cooper v. Cooper, 24 Ohio St., 485, that the question *69 whether the judgment debtor is the head of a family, and therefore entitled to it, is to be determined, as of the time of the order of distribution of such fund.
A. G. McBurney and J. K. O’Neall, for plaintiff in error.
John E. Smith, for defendant in error.