ROGERS, Administrator, *v.* THE STATE.

ROGERS
v.
THE STATE.

Section 109, ; R. S. 1852, p. 273, was not intended to give to the mortgage creditor a general lien against the estate of the mortgagor but to continue the mortgage, as to the mortgaged property, after the mortgagor's decease.

Where the mortgagor was not seized of the property at the time of his death, the mortgagee has his choice, of following the property, or resorting to the estate for payment; but, in such case, if he seek payment from the estate, his claim will be classed with the "general debts."

Section 9, pp. 51, 52, of the acts of 1853, which professes to amend section 109, p. 273, 2 R. S. 1852, is unconstitutional, for not setting forth the latter section at full length.

APPEAL from the *Allen* Court of Common Pleas.

*Thursday, December* 14.

HOVEY, J.—In *April,* 1840, *Absalom Holcomb* borrowed of the agent of the surplus revenue fund of *Allen* county, the sum of 200 dollars, and executed a mortgage on a certain tract of land to secure the payment. *Holcomb* died intestate and insolvent, and *Rogers* was appointed his administrator. At the *January* term, 1854, of the Court of Common Pleas of *Allen* county, the state, by her attorney, filed a petition showing the above facts, and prayed an order for the payment of her debt in full out of *Holcomb's* estate. The administrator answered the petition, and set up a sale and conveyance of the land in fee simple by *Holcomb* in his lifetime, and averred that at the time of his death, *Holcomb* had no interest or title in said land. The answer was demurred to, demurrer sustained, and an order made that the administrator should pay the amount of the claim in full. The petition and answer are both very defectively drawn, but we suppose the principal question in controversy is the construction of section 109, 2 R. S. 1852, p. 273, which provides that—

" All claims against the estate of a decedent shall be paid in the following order: First. Expenses of administration. Second. Expenses of last sickness, and funeral expenses. Third. Judgments which are liens upon the decedent's real estate, and mortgages of real and personal property existing in his lifetime. Fourth. General Debts. Fifth. To legatees. Sixth. To distributees."

It was not the intention of the general assembly, in

Nov. Term,
1854.

enacting this section, to give the mortgage creditor a general lien against the estate, but to continue the mortgage as to the property after the mortgagor's decease. In cases where the mortgagor was not seized of the property at the time of his death, the mortgagee has his choice, of following the property, or resorting to the estate for payment; but in such case, if he seek payment from the estate, his claim will be classed with the "general debts."

Section 9, pp. 51, 52 of the acts of 1853, which purports to amend section 109, *supra*, is unconstitutional, as the act containing said section 9, does not set forth section 109 at full length. Constitution, art. 4, sec. 21. See, also, *Langdon* v. *Applegate*, 5 Ind. R. 327.

*Per Curiam.*— The judgment is reversed. Cause remanded, &c.

*R. Brackenridge, Jr.*, for the appellant.