————————o————————

## Cole v. McMickle, Administrator.

MORTGAGE.—*Decedents' Estates.—Administrator.*—An administrator is presumed to be cognizant of mortgages executed by the decedent in his lifetime upon his real and personal property, and they are not barred by a failure to file a statement of them within the time limited for the filing of claims by section 62 of the "act providing for the settlement of decedents' estates," &c. (2 G. & H. 501), being expressly excepted therein.

SAME.—*Residue after Foreclosure.*—After foreclosure, by proceeding *in rem*, and sale of land mortgaged by a decedent in his lifetime to secure his promissory note, the residue of the debt does not cease to be a mortgage debt within the meaning of the exception in that section, and payment thereof may be claimed out of the other assets of the estate.

APPEAL from the Harrison Common Pleas.

ELLIOTT, J.—The record in this case presents the following state of facts:—On the 3d of July, 1866, William Carson, since deceased, executed to Cole, the appellant, two promissory notes for six hundred dollars each; one payable on the 20th of March, 1867, and the other on the 20th of March, 1868; and, to secure the payment thereof, Carson and his wife, on the 7th of July, 1866, executed to Cole a mortgage on a tract of land in Harrison county. On the 1st day of April, 1867, Carson died at said county, intestate, leaving personal estate to an amount exceeding twelve hundred dollars, to be administered; and afterwards, on the 19th of April, 1867, letters of administration on the estate of Carson were duly granted by the clerk of the Court of Common Pleas of Harrison county to the appellee, Mc-

Mickle, who took upon himself the administration of the estate. On his refusal to pay the first of said notes, which had become due, on the 23d of November, 1867, Cole commenced a suit in said Court of Common Pleas for the foreclosure of the mortgage, in which the widow and heirs of Carson, and also McMickle, his administrator, were made defendants; and at the December term, 1867, of the court, a decree of foreclosure was rendered, and the mortgaged land directed to be sold for the payment of the notes. A copy of the decree and order of sale was issued, and on the 9th of May, 1868, the land was sold thereon by the sheriff for eight hundred dollars, Cole becoming the purchaser. The costs of the suit and sale, which Cole paid, amounted to $68.70, leaving $731.30 to be credited on the decree.

On the 11th of August, 1868, Cole filed a claim for the balance remaining due on the notes, then amounting to $582.30, in the clerk's office of said court, which was sworn to, and entered on the appearance docket of the court. On the 3d day of the August term of the court, 1868, which term commenced on the 24th day of that month, the record shows the following proceedings:

" In the matter of the estate of William Carson, deceased. Comes now John H. McMickle, administrator of said estate, into open court, and suggests to the court that he is now ready to finally settle said estate, unless he is compelled to pay the claim of Joseph Cole, filed in the clerk's office on the 12th day of August, 1868, for $582.30, and asking the court for directions as to the payment of the same; and the court being sufficiently advised finds that said claim was not filed within one year from the granting of administration and notice, and that said claim was not filed thirty days before final settlement, and thereupon directs said administrator to pay all other claims and proceed to make his final settlement without the settlement of said Cole's claim," which the court refused to allow " and rejected the same from allowance in the final settlement of said administra-

tion." Cole thereupon moved the court for a new trial, for the reasons that the finding of the court was contrary to the law and the evidence in the case, but the motion was overruled, the final settlement made; and the administrator discharged. To all of which rulings the appellant excepted. The record further shows that after paying all other claims against the estate, the expenses of administration, and three hundred dollars to the widow, there remained in the hands of the administrator the sum of $344.34.

It is contended by the appellee that the rulings of the court complained of are in accordance with section 62 of the act relating to the settlement of decedent's estates, &c. (2 G. & H. 501). That section reads as follows:—"A succinct statement of the nature and amount of every claim, whether due or not, against the estate of any decedent, except judgments which are liens upon the decedent's real estate, and mortgages of his real or personal estate obtained and executed in his lifetime, and expenses of administration, must be filed in the office of the clerk of the proper court of common pleas, within one year from the date of the first appointment of an executor or administrator therein, and notice thereof; or no cost shall be recovered therein against such executor or administrator; nor shall hereafter any other court have original jurisdiction of any claim, except such liens against the estate of any decedent; and, if such claim be not due, interest thereon shall be rebated, and after the expiration of one year from such appointment and notice, if such claim be not filed at least thirty days before final settlement of the estate, it shall be barred, except as hereinafter provided in case of the liabilities of heirs and devisees."

This section does not sustain the court in holding that the claim of Cole was barred because it was not filed within one year after the grant of administration and notice, nor for thirty days before the time of final settlement.

The notes were secured by mortgage executed by the decedent in his lifetime on his real estate, and were there-

fore excluded from the operation of the provisions of the section by its own express terms. The exception is in harmony with section 109 of the same act, which, in directing the order of payment of the claims against the estate of a decedent, requires that judgments which are liens upon the decedent's real estate, and mortgages of real and personal property existing in his lifetime, shall be paid next after the expenses of administration, of the last sickness, and of the funeral.

The administrator is presumed to be cognizant of mortgages executed by the decedent in his lifetime upon his real and personal property, and they are not barred by a failure to file a statement of them within the time limited by section 62. Such claims do not come within the purview of that section, and cannot be affected by it. But it is argued that after the mortgage was foreclosed and the land sold, the residue of the debt remaining unpaid ceased to be a mortgage debt within the meaning of the exception, and was, therefore, subject to the provisions of that section; and such seems to have been the view taken of it by the court below. We cannot admit the correctness of the position. Such a construction would violate both the letter and spirit of the statute, and could only be productive of injustice and wrong.

It is also insisted by the counsel for the appellee, that the appellant, in foreclosing the mortgage, if he was not willing to rely on the sufficiency of the land mortgaged for the payment of the entire debt, should have taken a judgment over against the administrator for any balance that might remain unpaid after the sale of the land mortgaged, and having failed to do so, he is barred from setting up any claim for such residue against the administrator. The administrator was not a necessary party to the foreclosure suit, though he was made such. The suit to foreclose the mortgage was a proceeding *in rem;* it simply sought to subject the mortgaged land to sale for the payment of the debt se-

cured thereby. The widow and heirs of Carson were the only necessary parties defendant, and Cole was not entitled to a personal judgment against them; nor was he entitled to a personal judgment against the administrator for any balance that might remain after the land mortgaged was exhausted, if for no other reason, because that suit was commenced and the final decree rendered long before the expiration of a year from the grant of letters of administration. We are unable to see anything in the decree in the foreclosure suit to preclude the appellant from claiming the payment of the residue of his debt out of the other assets of the estate. The rulings of the Common Pleas, in rejecting the claim and ordering a final settlement of the estate, were clearly erroneous, and must therefore be reversed.

The final order of the court, in rejecting the appellant's claim and in requiring the estate to be finally settled, as well as the final settlement thereof made under said order of the court, is reversed and set aside, and the cause remanded for further proceedings in accordance with this opinion.

*W. A. Porter*, for appellant.

*S. K. Wolfe*, for appellee.