KIRKPATRICK *v.* CALDWELL'S Administrators.

32   299
133   281

MORTGAGE.—*Registry.*—*Effect of.*—Only subsequent purchasers and incumbrancers in good faith and for value are protected against an unrecorded mortgage of real estate; as against all the world besides the registry imparts no virtue or force whatever to the instrument.

SAME.—*Decedents' Estates.*—An administrator of an insolvent estate, having no knowledge of the existence of an unrecorded mortgage on certain real estate executed by his intestate, sold the land under an order of court, to make assets; and the purchaser, who, also, was ignorant of the mortgage, paid the whole purchase-money, a full and fair price, and took a proper conveyance.

*Held,* that the mortgagee was entitled to payment out of the proceeds of said real estate, in the hands of the administrator, in preference to general creditors.

SAME.—The administrator having paid the mortgagee a part of his claim out of the personal estate;

*Held,* that the personal estate should be reimbursed out of said proceeds of the land; that the balance of such proceeds should be applied in satisfaction of the mortgage; and that the remainder of the claim not thus discharged must be regarded as a "general debt."

APPEAL from the Knox Common Pleas.

FRAZER, C. J.—The intestate executed to the appellant a mortgage on real estate, to secure the purchase money therefor, to be paid by the former to the latter. The mortgage was not recorded, and the administrator, having no knowledge of its existence, sold the land under an order of court, to make assets. The purchaser, who was also ignorant of the mortgage, paid the whole purchase-money (a full and fair price), and took a proper conveyance. The estate was insolvent. The question presented is, whether the appellant is entitled to payment out of the proceeds of the real estate in preference to general creditors. The inquiry is somewhat novel, and the industry of counsel has failed to bring to our attention any very satisfactory authority upon the subject.

It is only subsequent purchasers and incumbrancers in good faith and for value who are protected against an unrecorded mortgage. As against all the world besides, the registry imparts no virtue or force whatever to the instru-

ment. As against the mortgagor and the estate while it remains in his hands, the lien is as perfect without registry as it is with it. It is so, also, against his general creditors while he lives, and after his death. No change was wrought in the rights of the mortgagee with respect to the other creditors by his decease. The administrator was his personal representative, and, of course, took no better right than the intestate had. Indeed, he took no estate whatever in the lands mortgaged, but a duty with reference thereto fell upon him in the performance of his trust, when it was discovered that its sale would be necessary to satisfy indebtedness. This was, to file a petition for such sale, stating, amongst other things, the nature of the intestate's title. 2 G. & H. 506. This implies some diligence to ascertain the precise fact. Mere ignorance is no excuse for him. It is his duty to know the truth; and, indeed, he is unfaithful to his trust if he fails to inform himself of the entire condition of the whole estate, unless, indeed, proper diligence fails to discover it. This record merely discloses his want of knowledge, and we are not able to perceive why that circumstance should, in any manner, influence the decision of the question before us. Why should general creditors derive an advantge from the administrator's ignorance of a fact? They have not acted upon it to their injury. If this ignorance was the result of his negligence in making inquiry, and shall profit one creditor at the expense of another, then the rights of creditors in the fund would depend much upon the care and attention which the administrator brings to the performance of his duties; and we suppose this cannot be. We are of opinion that the fact that the administrator did not know of the existence of the mortgage may be laid out of the case as an element wholly immaterial. If we are correct in this, *Andrews* v. *Burns*, 11 Ala. 691, is an authority in point upon the case in hand. It certainly cannot be of avail to the general creditors that they had no notice of the mortgage. They are not in a

position to avail themselves of such want of notice, not being purchasers or incumbrancers.

But it is urged, that if the mortgagor had sold the land to an innocent purchaser and received the purchase-money during his lifetime, the mortgagee could not have pursued the fund in his hands, but must be content with the result of his remedy at law, *in personam*, and therefore he cannot follow the proceeds in this case. The argument has apparent force, and, indeed, it would be convincing if the administrator held the fund as the mortgagor would hold it in the case supposed. In the absence of fraud, the latter would hold it in his own right, but the administrator holds it as a *mere trustee, to* be disposed of under the control of the court, in the payment of debts, and any surplus by distribution. If the existence of the mortgage had been stated in the petition for the sale of the land, as it should have been, if known, the court would have ordered the sale subject to the mortgage, or else for the payment thereof, as might have been adjudged best. 2 G. & H. 512, sec. 89. In the latter case, the administrator's duty would have required him to apply the proceeds of the sale, so far as necessary, to the payment of the mortgage debt; and the court would have enforced this duty. But in the present case, the administrator, in applying for power to sell, did not inform the court of the mortgage, and consequently the decree made no provision for it, and the purchaser, being without notice, took title free from the mortgage, paying a corresponding price. The money is in the hands of the administrator, and no equities have intervened in behalf of other creditors. There is no reason, therefore, why the court should not, for the purposes of justice, follow the proceeds, still in reach, and subject them to the lien which originally subsisted against the land, as is habitually done in other cases of trusts where the trustee has either wilfully or ignorantly violated his duty by disposing of the trust estate.

But in the present case it appears that the administrator had paid the appellant the sum of four hundred dollars out

of the personal estate. Equity requires that the personal estate shall be reimbursed out of the proceeds of the land, leaving the balance of the latter, two thousand five hundred and ten dollars and forty cents, subject to the lien of the mortgage, and which should be applied in satisfaction thereof. The remainder of the claim not thus discharged must, according to the principle held in *Rogers, Adm'r,* v. *The State,* 6 Ind. 31, be regarded in this case as a claim of the fourth class, under sec. 109 of the act concerning the settlement of decedents' estates. 2 G. & H. 516.

Judgment reversed, with costs; cause remanded, with directions to render judgment upon the finding according to this opinion.

*F. W. Viehe,* for appellant.

*N. F. Malott* and *T. R. Cobb,* for appellee.