McCallam *et al. v.* Pleasants, Adm'r.

---

## McCallam et al. *v.* Pleasants, Adm'r.

STATUTE OF LIMITATIONS.—*Exceptions to.*—*Complaint.*—*Demurrer.*—A complaint is not insufficient, on demurrer, merely because it affirmatively shows on its face that the cause of action is within the statute of limitations, unless it also affirmatively appears that it is not within any of the exceptions to that statute.

SAME.—In such case, the statute, to be available as a defence, must be pleaded.

SAME.—*Payment.*—*Acknowledgment of Debt.*—Payments on the cause of action, an acknowledgment of the debt due, and a promise to pay the same, made by the defendants within twenty years prior to the bringing of an action on a promissory note and to foreclose a mortgage on real estate, against purchasers of the mortgaged lands, take the action out of the statute.

DECEDENTS' ESTATES.—*Final Settlement no Bar to Foreclosure of Mortgage.* —The final settlement of the estate of a deceased debtor is no defence to an action against heirs or purchasers, to foreclose a mortgage executed by the decedent ; as such mortgage and promissory notes secured thereby need not be filed as claims against the debtor's estate.

SAME.—*Sale by Heirs, Widow and Administrator.*—Sale and conveyance of the mortgaged lands, by the administrator, the widow and the heirs of the deceased mortgagor, do not affect the lien of the mortgage.

SAME.—*Harmless Ruling on Demurrer.*—Where, in an action by an assignee, on a promissory note and to foreclose a mortgage, trial is had on the issue formed by the answer of general denial, the sustaining of a demurrer to an argumentative denial of the assignment of the note and mortgage is harmless.

From the Switzerland Circuit Court.

*S. Carter, W. R. Johnston, J. A. Works, J. D. Works* and *J. A. Works, Jr.,* for appellants.

*J. B. McCrellis,* for appellee.

BIDDLE, J.—This suit was commenced on the 24th day of March, 1874.

The complaint is founded on three promissory notes, made on the 2d day of October, 1837, which are secured on certain lands by a mortgage of the same date. The notes and mortgage were executed by Neil McCallam to Ulyssus P. Schenck. Several credits were endorsed upon the notes, running from October 2d, 1838, to December 30th, 1854. The payee assigned the notes and mortgage, in writing, to Philip Romerill, the deceased, while living, of whose estate the appellee is the administrator. Neil McCallam, the maker of the notes and mortgage, died in the year 1842, and the land so mortgaged came to Gershom McCallam and Alexander McCallam, part by descent and part by purchase, subject to the said mortgage made by Neil McCallam, their ancestor.

Gershom McCallam and Alexander McCallam were made defendants to this suit, and filed an answer of seven paragraphs : 1. A general denial ; 2. The statute of limitation of twenty years ; 3, 4, 5, 6 and 7, setting up special matter.

A demurrer for the want of sufficient facts was overruled to the second paragraph of answer, and demurrers to the third, fourth, fifth, sixth and seventh paragraphs were sustained.

Reply to second paragraph of answer : first, general denial ; second, third and fourth, special paragraphs. Demurrers to the second and third paragraphs of reply, for want of facts, overruled ; trial by court ; finding and judgment for appellee ; exceptions ; appeal.

The following questions are presented for our decision.

1. Is the complaint sufficient ? It is insisted by the ap-

pellant, that it is insufficient because it shows upon its face that the action was not brought within twenty years after the cause of action accrued. This is true, but the statute of limitations pleaded contains several exceptions, which are not negatived in the complaint. Since the case of *Potter* v. *Smith*, 36 Ind. 231, this court has uniformly held that, when a statute of limitation contains exceptions, it must be pleaded to avail the defendant, and can not be reached by demurrer, unless the complaint on its face shows that the plaintiff is barred notwithstanding the exceptions. The complaint is sufficient. See, also, *Harlen* v. *Watson*, 63 Ind. 143.

2. Is either the third, fourth, fifth, sixth or seventh paragraphs of answer sufficient?

We can see no legal difference between the third and fourth paragraphs. The substance of each is that the maker of the notes and mortgage sued on died in 1842; that letters of administration were granted on his estate on the 29th day of August, 1842; that the estate was finally settled on the 26th day of November, 1849; and that "the said Philip Romerill was not unable to collect said notes, or any part of them, of the estate of the said Neil McCallam."

These paragraphs were evidently attempted to be based on section 62 of the decedents' estates act, 2 R. S. 1876, p. 512, which requires a creditor of an estate to file a succinct statement of his claim, against the estate in the clerk's office, at least thirty days before the final settlement of the estate, or the claim shall be barred, except on certain stated conditions; but that section expressly excepts "judgments which are liens upon the decedent's real estate, and mortgages of his real or personal estate obtained and executed in his lifetime." As this section has no application to the debts sued on in this case, neither paragraph can be held as a bar to the action.

McCallam *et al. v.* Pleasants, Adm'r.

The fifth paragraph of the answer is an argumentative denial of the assignment of the notes and mortgage by Schenck to Romerill. Even admitting that the demurrer was improperly sustained to this paragraph, yet, after a trial of the facts over the general denial to the complaint. the error would become harmless, and afford no ground on which to reverse the judgment.

The sixth paragraph of answer sets out the names of the widow and heirs of Neil McCallam, averring several sales and conveyances interchangeably between them, of the mortgaged lands, also a sale by the administrator, and the respective shares of Gershom McCallam and Alexander McCallam in the lands, resulting from said conveyances. Wherefore it is averred that none of said real estate is liable to pay the notes sued on, and secured on the land by the mortgage sought to be foreclosed.

All of these sales and conveyances were necessarily made subject to the mortgage described in the complaint. We do not see, therefore, how they can affect the rights of the appellee.

The substance of the facts averred in the seventh paragraph of answer is, that no succinct statement of the claim sued on was ever filed against the estate of Neil McCallam, and that there were assets in the hands of the administrator, out of which the claim could have been collected, if it had been presented before the final settlement of the estate.

The notes, being secured by a mortgage executed by Neil McCallam in his lifetime, were not required by the statute to be filed in the clerk's office, as a claim against his estate; and admitting that there were assets belonging to the estate in the hands of the administrator, out of which he ought to have paid the debt, and that he refused to pay it, these facts constitute no defence to the action. They do not show any act of omission on the part of the

appellee's deceased, whereby he lost his claim; and it would seem to us quite illogical to hold that, because the administrator did not pay the debt when he ought to have done so, therefore the debt is barred.

3. The substance of the second and third paragraphs of reply to the second paragraph of answer is, that the said Gershom McCallam and Alexander McCallam, within the twenty years, from December, 1854, to April, 1857, made several payments on the notes, acknowledged their validity, and promised to pay them. We think the replies are good. *Conwell* v. *Buchanan*, 7 Blackf. 537; *Kisler* v. *Sanders*, 40 Ind. 78; *Ketcham* v. *Hill*, 42 Ind. 64.

None of the questions arising at the trial having been presented by a bill of exceptions, there is no other question in the record for our decision.

The judgment is affirmed, at the costs of the appellants.