Lofton v. Moore.

---

No. 9015.

## LOFTON v. MOORE.

PRACTICE.—*Agreed Case.—Exception.—Agreed Statement of Facts.—New Trial. —Bill of Exceptions.*—In an agreed case, under section 553, R. S. 1881, the party aggrieved by the decision must except thereto at the time it is made in order to present the error, if any, to the Supreme Court on appeal; but, in such case, no motion for a new trial nor bill of exceptions is necessary. Where, however, the issues joined in a cause are submitted for trial, either to the court or jury, upon an agreed statement of facts, a motion for a new trial is required, and the agreed statement of facts must be made part of the record, just as other evidence, either by bill of exceptions or by an order of the court.

Lofton *v.* Moore.

WILL.—*Rule of Construction.*—*Intention.*—In construing the provisions of a will, the intention of the testator is to be ascertained, and, if possible, carried into effect; and, as a rule, such intention can only be ascertained by construing together all the provisions of the will having reference to the subject of the enquiry.

SAME.—*Collection of Legacy.*—*Charge on Real Estate.*—*Liability of Devisee.*— By his will, L. gave a legacy of $300 to his grandson M., to be paid to him when he became twenty years old, by the testator's widow M. L., out of the property willed to her. The testator bequeathed to his widow all his personal property, and all his real estate during her natural life, or until she might marry, and, at the death or marriage of his widow, he gave all his real estate to his son A. L., in fee simple. By his will, the testator bound all his real estate for the payment of the legacy to M., and made the same a lien on such real estate. The widow died unmarried, and without having paid the legacy to M., and A. L. took possession of the testator's real estate, under the will. On the arrival of M. at the age of twenty years, his legacy not having been paid, he brought an action against A. L. for the collection of his legacy, and to enforce the lien therefor on the testator's real estate, given by the will.

*Held,* that the legacy to M., by the terms of the will, was made a specific charge on the testator's real estate, which was bound for its payment.

*Held,* also, that A. L., having accepted the devise of such real estate subject to such charge, and having entered into possession thereof, became personally liable to M. for the payment of his legacy.

*Held,* also, that the legatee M. might enforce his lien on the real estate and the personal liability of the devisee thereof, for the payment of his legacy, in the first instance, and without resorting to, or exhausting, the testator's personal property remaining at the death of his widow.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler,* for appellant.

*A. B. Collins,* for appellee.

HOWK, J.—In his complaint in this case, the appellee, Moore, by William Knowles, his next friend, alleged in substance, that he, William H. Moore, was the grandson of one Simeon Lofton, who died testate in April, 1877, in Washington county, Indiana; that he, the said Simeon Lofton, died the owner and seized in fee simple of certain real estate in said county, particularly described; that the said Simeon Lofton, by his last will, which was duly probated on the 28th

day of April, 1877, in the clerk's office of said county, devised his said real estate to his wife, Matilda Lofton, for and during her natural life, without any encumbrance whatever, and, at her death, to the appellant, Alexander Lofton, in fee simple; that, by the terms of his will, a legacy of three hundred dollars was bequeathed by the testator to the appellee William H. Moore, payable to him when he became twenty years of age, and made by the will a lien upon all said real estate; that, after the testator's death, the said Matilda Lofton took possession of said real estate and held the same during her life, that she departed this life, without having remarried, in March, 1880, and the said real estate became the property of the appellant, and he accepted the provisions of said will and took possession of said real estate as the owner thereof, subject to the legacy of the appellee, Moore; that the appellee became twenty years of age on the 15th day of January, 1880, and he had demanded payment of said sum of three hundred dollars from the appellant, who had refused to pay the same. Wherefore the appellee demanded judgment for $350, and for the foreclosure of said lien, etc.

The cause was put at issue and tried by the court; and a finding was made for the appellee, and over the appellant's motion for a new trial, and his exception saved, judgment was rendered for the appellee, as prayed for in his complaint.

In this court, the overruling of his motion for a new trial is the only error assigned by the appellant. The only causes for such new trial, assigned in the motion therefor, were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

Before considering any of the questions arising under the error assigned by appellant, it is proper that we should dispose of a point made in argument by appellee's counsel. It is earnestly insisted by appellee's counsel, that the record of this cause shows that it was an agreed case, under the provisions of section 386 of the civil code of 1852. In an agreed case, no motion for a new trial is necessary, but the party ag-

grieved must except to the decision of the trial court, upon the agreed statement of facts, and unless the record shows that an exception was taken to the decision at the proper time, it will present no question for the decision of this court. This point is settled by the decisions of this court. *Fisher* v. *Purdue,* 48 Ind. 323; *Manchester* v. *Dodge,* 57 Ind. 584.

The record of this cause fails to show that the appellant saved an exception to the decision of the court upon the agreed statement of facts, and if this case could be regarded as an agreed case, under the code, we would be bound to hold that the appellee's point was well taken, and that no question had been properly saved in the record for the decision of this court; but we can not regard the case at bar as, in any proper sense, an agreed case, within the meaning of the code. The record shows that the case was put at issue in the ordinary mode, by answers to the complaint and by a reply to the special answer. These issues were, " by consent of parties, set down for trial by the court, without the intervention of a jury." The bill of exceptions shows, and it appears nowhere else in the record, that the cause was tried by the court upon an agreed statement of facts, to which was appended an affidavit of one of the attorneys in the case, to the effect that the controversy was real, and the proceedings in good faith to determine the rights of the parties. It is very clear, however, as it seems to us, that this agreed statement of facts was not considered by either of the parties below, or by the trial court, as constituting an agreed case, within the meaning of the code. The agreed statement of facts was intended to be used, and was used, on the trial merely as the evidence in the case. So the court certified in the bill of exceptions, after setting out therein the agreed statement of facts, that " this was all the evidence given in the cause." It was competent for the parties, after issue joined, instead of introducing evidence on the trial, to agree in writing upon the facts which the evidence would establish, and this is all, we think, that the parties intended to do, or did, in the case at bar. In such a case, a

motion for a new trial is necessary, and the agreed statement of facts must be made a part of the record, either by a bill of exceptions or by an order of the court.

It is necessary to the proper presentation of the questions arising under the alleged error of the court, in overruling the appellant's motion for a new trial, that we should give the substance, at least, of the agreed statement of facts, which we now do accordingly:

"The parties to this cause admit that the plaintiff, William H. Moore, is the grandson of Simeon Lofton, deceased, who died testate at Washington county, Indiana, in April, 1877, and was at the time of his death the owner of the real estate described in the complaint in this action; that said Simeon Lofton left a will, which was duly probated on the 28th day of April, 1877, in the clerk's office of said county, and was in the words and figures following, to wit:

"'I, Simeon Lofton, of Washington county and State of Indiana, being of sound mind and memory, do make and publish this, my last will and testament: Item 1. I will and bequeath to my grandchild, Anna L. Moore, the sum of three hundred dollars, to be paid to her when she may become eighteen years of age; and I further will and bequeath unto my grandchild, William H. Moore, three hundred dollars, to be paid to him when he shall become twenty years old; to be paid to them by my widow, Matilda Lofton, out of the property that I herein will to her; and in case either one of said grandchildren should depart this life before they arrive at the age herein named to receive said legacy, then and in that case the surviving grandchild shall receive the deceased child's portion or legacy.'" (Item 2 has no bearing on this case, and is omitted.) "'Item 3. I will and bequeath unto my wife, Matilda Lofton, all of my personal property of every description, not heretofore otherwise disposed of. And I further will and bequeath unto her, my said wife, all of the real estate that I may own at the time of my death, to hold, enjoy, have, control and use, without any encumbrance whatever, during

her natural life, or until she may marry, and that she shall pay all of my just debts and funeral expenses, and the legacies to Anna L. Moore and William H. Moore, of three hundred dollars each, as set forth in item 1st, of this will.

"'Item 4. I will and bequeath that, at the death of my wife, Matilda Lofton, or of her marrying, then and in that case, or in either of those cases, I will and bequeath that my son, Alexander Lofton, have all the real estate that I hold, of every description, to him and his heirs forever, in fee simple.

"'Item 5. I will and bequeath further, that all of the real estate herein willed to my widow, Matilda Lofton, I now fully bind for the payment of the legacies of Anna L. Moore and William H. Moore, to the amount of three hundred dollars each, and that said legacies are liens on all the real estate that I own.  Said legacies are set out in item 1st of this will.

"'Given under my hand, the 4th day of October, 1872.

(Signed,) "'SIMEON LOFTON.'"

(The attestation and certificate of probate of this will are not material, and are omitted.)

"That the plaintiff is the same William H. Moore named in said will; that Matilda Lofton was the wife of said Simeon Lofton, and survived him, and afterwards, in March, 1880, while yet the widow of said Simeon, she died intestate; that, after the death of said Simeon, the said Matilda took possession of the real estate described in the complaint, and, also, of over $5,000 worth of personal property bequeathed to her by said will; that, upon her death, the said Alexander Lofton accepted the real estate named in the complaint, as legatee under the will of said Simeon, deceased, and took and still retains possession thereof, by virtue of said will; that said William H. Moore became twenty years of age on the 15th day of January, 1880, and has, since that time, and before the commencement of this action, demanded of said Alexander Lofton said $300 bequeathed to him by said will, and that said Alexander refused to pay the same; that personal property, of the value of $5,000, was delivered to said Matilda

Lofton, by the administrator with the will annexed, of the estate of said Simeon Lofton, deceased, and that she took and kept possession thereof, by virtue of said will, during her life; that, since her death, one Hooker Hancock has been duly appointed and confirmed administrator of the estate of said Matilda, and is now such administrator, and has under his control, and in his possession, property belonging to her estate, and derived from the estate of said Simeon Lofton, and by virtue of his said will, personal property of the value of $5,000; that ample means belonging to the estate of said Matilda Lofton, and which came to her by virtue of said will, are still in the hands of said administrator to pay all claims against her said estate, including the plaintiff's claim for $300; and that the plaintiff has made no effort to collect the said $300 sued for, from the said Matilda Lofton in her lifetime, nor from her administrator since her death, nor from the administrator of Simeon Lofton's estate; that the defendant is the same Alexander Lofton named in the will of said Simeon Lofton; that the foregoing statement contains all the facts on both sides of the case, and it is agreed they are all true."

Upon the foregoing statement of the facts of this case, as agreed to by the parties, we are of the opinion that the finding of the trial court was clearly right, and, of course, that the court committed no error in overruling the appellant's motion for a new trial. The proper decision of the cause depended upon the construction to be given to the provisions of the last will of Simeon Lofton, deceased. In the construction of the will, it was the duty of the court to ascertain and carry into effect, if possible, the intention of the testator, in regard to the matter under consideration. This intention was to be ascertained, not from any single item or clause, but from all the provisions of the will having reference to the subject of the enquiry. *Kelly* v. *Stinson*, 8 Blackf. 387; *Craig* v. *Secrist*, 54 Ind. 419; *Fraim* v. *Millison*, 59 Ind. 123; *Tyner* v. *Reese*, 70 Ind. 432.

It is very clear, we think, that the testator, Simeon Lofton, intended to secure the payment of his legacy to the appellee, William H. Moore, at his arrival at the age of twenty years, by making it a lien on all his real estate and fully binding the same for such payment, as he did in direct terms in the fifth item of his will. It is true, that the testator, in the previous items of his will, had directed that his widow, Matilda Lofton, should pay the legacy to the appellee out of the property he willed to her. But, as if anticipating that his widow might die before the payment of his legacy to the appellee, the testator, in the last item of his will, bound all his real estate for the payment of such legacy, and expressly declared that this legacy was a lien on all the real estate he owned. These provisions of the will can not be misunderstood. In legal effect, they bound all the real estate referred to for the payment of the appellee's legacy, as fully as if the testator had, in his lifetime, voluntarily mortgaged such real estate to the appellee to secure such payment. In either case the legacy is or would be a specific lien on the real estate, and may be enforced against the real estate without resort first had to the personal estate of the testator or of the deceased mortgagor. It is well settled that a devisee of real estate, who has accepted the devised estate, is personally liable for the payment of the legacies given by the will, but this personal liability will not discharge the real estate from the lien of the legacies thereon, where, by the terms of the will, such real estate is bound for the payment of such legacies. *Lindsey* v. *Lindsey*, 45 Ind. 552, and cases cited.

It would seem, therefore, under the agreed facts of this case, that not only was the real estate, described in the complaint, bound for the payment of the appellee's legacy when it became due, but that the appellant, by his acceptance of the devised real estate, charged, as it was by the will, with the payment of such legacy, became and was personally liable to the appellee for the amount of his legacy. It is claimed,

however, by the appellant's counsel, as we understand their argument, that, although the real estate may be liable ultimately for the payment of appellee's legacy, yet the real estate can not be resorted to for such payment, in the first instance, nor until the personal estate, derived by the widow, Matilda Lofton, from the testator, and owned and possessed by her at the time of her death, has been first exhausted. We do not think so. The rights of the appellee against the real estate, under the agreed facts of the case, do not differ in principle, as it seems to us, from the rights of the mortgagee of real estate against the deceased mortgagor having personal estate to be administered. In such a case, the law makes the mortgagee a preferred creditor of the mortgagor, and his debt a preferred debt, having a priority over the general creditors of such deceased mortgagor. Yet the mortgagee is not required to file his mortgage debt against the estate of the deceased mortgagor, or to await the settlement and distribution of the personal estate; but he may proceed at once, when his mortgage debt or any part thereof is due, to the foreclosure of his mortgage and the sale of the mortgaged real estate. *Cole* v. *McMickle*, 30 Ind. 94; *McCallam* v. *Pleasants*, 67 Ind. 542.

So, we think, in the case now before us, as the payment of the appellee's legacy was, by the terms of the will, secured as a specific lien upon all of the testator's real estate, we are of the opinion that after the non-payment of his legacy by the appellant, who had become personally liable therefor, the appellee might lawfully proceed, at once and in the first instance, to collect his legacy by enforcing the lien thereof on the devised real estate.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.