No. 9084.

## KIMMELL v. BURNS ET AL.

DECEDENTS' ESTATES.— *Vendor's Lien. —Balance after Sale of Real Estate can not be Preferred Claim.*—In a suit to enforce a lien for purchase-money against the real estate of a decedent, the balance of the demand unsatisfied by the sale of the real estate can not be adjudged a preferred claim against the estate of the decedent, nor is it entitled to preference under the statute. 2 R. S. 1876, p. 534, section 109.

PROMISSORY NOTE.—*Interest after Maturity.— When not Specified.*—Where a promissory note does not in terms provide what the rate of interest shall be after its maturity, it bears the same rate fixed by the note to be paid before maturity; and, therefore, a note executed March 13th, 1873, for a sum to be due October 1st, 1874, "at ten per cent. interest per annum," bears that rate of interest until paid.

From the Noble Circuit Court.

*H. G. Zimmerman*, for appellant.

*F. Prickett*, for appellees.

NIBLACK, J.—This was a suit to enforce a vendor's lien on a forty-acre tract of land which formerly belonged to the

inhabitants of one of the congressional townships of Noble county.

The complaint charged that, on the 11th day of December, 1855, one Hardenbrook purchased the land of the proper officer at a specified price, and received a certificate of his purchase in due form; that afterwards Cyrus Kimmell, the plaintiff, became the holder and owner of this certificate by assignment; that, after becoming such holder and owner— that is to say, on the 12th day of April, 1866—the plaintiff sold, transferred and assigned said certificate to one William J. Burns, subject to the amount remaining due to the inhabitants of the proper congressional township, for the sum of five hundred dollars; that, on the 13th day of March, 1873, the said Burns executed to the plaintiff his promissory note for the sum of five hundred dollars, that being the balance then due on the purchase-money from Burns to the plaintiff, and said note being given to secure the balance so due; that Burns had died intestate and insolvent in 1878, leaving the note unpaid, and Elizabeth Burns as his widow, and Henry E. Burns, an infant, as his only child, both of whom were made defendants.

Orlando Kimmell, as the administrator of the estate of Burns, and William S. Kiser, as the auditor of Noble county, were also made defendants.

The court made a finding of the facts as follows:

That the note described in the complaint was executed by William J. Burns, the decedent, to the plaintiff in consideration of the transfer and assignment to him of the certificate of purchase set forth in the complaint, and of the plaintiff's interest in the land covered by that certificate; that there was then due on the note the sum of $574.65, and that the amount so due upon the note was a lien upon the land; that there was due to the county of Noble for the use of the inhabitants of the proper congressional township the sum of $89.88, which had priority as a lien on the land to the amount found to be due on the note; that the estate of the decedent,

Burns, was insolvent; that the entire assets of the estate amounted to the sum of $2,287,64, while the expenses of administration, of last sickness and funeral charges, taxes and debts secured by mortgage on the decedent's real estate, amounted to the aggregate sum of $1,324.24, exclusive of the plaintiff's claim in this action; and the general or unpreferred debts aggregated the sum of $1,580; making a total indebtedness, exclusive of the plaintiff's demand, of $3,478.89; that the defendant Elizabeth Burns had no interest in the real estate in suit, she having assigned all her estate therein to the administrator of her said husband's estate; that said real estate was of the value of $200, and no more.

The court thereupon came to the conclusion that the plaintiff's lien ought to be foreclosed, and that the land ought to be sold, subject to the amount still due to the school fund, to pay such lien and the costs of the suit; and that in case the land should not sell for enough to pay the plaintiff's lien and costs, the remainder of the amount herein found to be due the plaintiff should stand as a general or unpreferred claim allowed against the estate of William J. Burns.

The plaintiff moved for a new trial, assigning as one of the causes that the amount found due on the note ought to have been for a larger sum; but the court refused to grant a new trial.

The plaintiff then moved the court for judgment for the amount found to be due upon the note, and for an order directing the judgment to be paid as a preferred claim out of the assets of the estate of William J. Burns, above named, and that, in case the assets of said estate should not be sufficient, having reference to its relative priority to other preferred claims, to pay such judgment in full, the land should be sold to pay the balance which might still remain due upon the judgment; but that motion was also overruled, and judgment was rendered in accordance with the conclusion of the court as stated above.

The first question discussed by counsel arises upon the re-

fusal of the court to order the amount found to be due on the note sued on to be paid as a preferred claim out of the assets of the estate of William J. Burns, and to direct that the land should only be sold in the event that such assets should prove to be insufficient to pay the amount so found to be due.

It is unquestionably true, as contended for by the appellant, that the general rule is that the personal property of the vendee must be exhausted before the real estate purchased by him can be sold to pay the vendor's lien. But this rule is subject to some exceptions, and can not always be enforced.

Williams on Executors, at page 1713, says: "It is a general principle of equity, that if a claimant has two funds to which he may resort, a person having an interest in one only has a right to compel the former to resort to the other; if that is necessary for the satisfaction of both. This principle is not confined to the administration of the estate of a person deceased, but applies wherever the election of a party having two funds will disappoint the claimant having the single fund. And accordingly, a court of equity will, if necessary, control that election, and compel the one to resort to that fund which the other can not reach."

A vendor's lien is sometimes referred to as being in the nature of an equitable mortgage, and is in some respects analogous to a mortgage, but it is not, in legal contemplation, a mortgage, and hence is not required to be paid by the executor or administrator of the vendee as a preferred claim, either of the third or any other class. 2 R. S. 1876, p. 534, sec. 109. In the lifetime of the decedent Burns, the appellant had the right primarily to resort to the former's personal estate, and secondarily to the land on which the purchase-money was due.

When Burns died, however, the two funds became separated and fell into different hands—the personal estate passing beyond the reach of ordinary process for the enforcement of the appellant's demand. Under these circumstances the appellant had his election of either filing his note as a general debt against the estate of Burns, and taking his chances of

obtaining full payment out of the assets of the estate, or of proceeding directly against the land with the right of presenting an unpreferred claim against the estate for any balance which might remain due upon the note after exhausting the land.

The appellant chose to proceed directly against the land, and appears to us to have obtained a proper judgment upon the facts as found by the court.

If the court had given him judgment declaring a lien in his favor upon the land, and at the same time ordering the payment of his lien as a preferred claim out of the assets of the estate, so as to first exhaust the personal estate before selling the land, the proceeding would have been, in view of the insolvent condition of the estate of Burns, in contravention of the principle of equity recognized by Williams on Executors, *supra*, and in derogation of the rights of the general creditors of the estate who had no lien or specific claim upon the land.

As to vendors' liens see *McCauley* v. *Holtz*, 62 Ind. 205 ; *Martin* v. *Cauble*, 72 Ind. 67.

As to the marshalling of the assets of an estate, and the order of payment of claims against it, see *Rogers* v. *State*, 6 Ind. 31 ; *Cole* v. *McMickle*, 30 Ind. 94 ; *Newcomer* v. *Wallace*, 30 Ind. 216 ; *Kirkpatrick* v. *Caldwell's Adm'rs*, 32 Ind. 299 ; *Rodman* v. *Rodman*, 64 Ind. 65 ; Williams Executors, p. 1715.

The next question discussed by counsel is based upon the refusal of the court to grant a new trial.

The note read in evidence at the trial, and referred to in the finding of the court, was as follows :

"$500.00.        BRIMFIELD, Ind., March 13, 1873.

"By the first of October, 1874, I promise to pay to the order of Cyrus Kimmell five hundred dollars, value received, without any relief from valuation or appraisement laws, at ten per cent. interest per annum.        WILLIAM J. BURNS."

Following the rule of decision prescribed by this court in the case of *Burns* v. *Anderson*, 68 Ind. 202 (34 Am. R. 250),

the court below computed the interest on this note at six per cent. only after maturity, and it was for that reason that the appellant claimed in his motion for a new trial that the finding of the amount due upon the note was for too small a sum, insisting then and contending still that the rule of decision prescribed as above is an erroneous one, and not sustained by the weight of authority, and often subversive of the real intention of the parties to notes, bills and other contracts in writing for the payment of money.

In the recently decided cause of *Shaw* v. *Rigby, post,* p. 375, the case of *Burns* v. *Anderson, supra,* was overruled, and the rule for the computation of interest on notes after maturity recognized in the case of *Kilgore* v. *Powers,* 5 Blackf. 22, has been re-asserted and re-established.

We are, therefore, constrained to hold that, upon the evidence, the amount found to be due the plaintiff by the court below ought to have been for a larger sum, and that consequently there was error in refusing a new trial, for which the judgment will have to be reversed.

What we have said practically disposes of all the material questions presented by this appeal.

The judgment is reversed, with costs to be paid by the estate of William J. Burns, and the cause remanded for a new trial.