Filed Nov. 24, 1884.

---

No. 9699.

## LaPLANTE v. CONVERY, ADMINISTRATOR, ET AL.

DECEDENTS' ESTATES.—*Mortgage.*—*Preference of Creditors.*—*Payment of Claims.* —A creditor of an intestate, whose debt was secured by mortgage on real estate, after having exhausted the mortgage security, was, under the act of 1852, entitled, as to the remaining part of his demand, to share only *pro rata* with general creditors the fund arising from the personal estate, nor need he file his claim.

SAME.—*Rights of Widow.*—In such case the widow might, for the protection of her interest in the mortgaged lands, have obtained an order requiring the application of the personal estate to the payment of the mortgage debt.

From the Knox Circuit Court.

*W. F. Pidgeon*, for appellant.

*G. G. Reily, W. C. Johnson, W. C. Niblack, F. W. Viehe, R. G. Evans, H. S. Cauthorn* and *J. M. Boyle*, for appellees.

HAMMOND, J.—The proceedings in this case, occurring prior to the act of 1881 relating to the settlement of decedents' estates, are governed by the act upon that subject of 1852. The facts material to be stated are as follows:

In 1876 Gerhard Reiter and his wife executed a mortgage upon his real estate to the appellant to secure a note, then given by said Gerhard to the appellant, in the sum of $5,225, payable two years after date, with ten per cent. interest. Reiter died without paying any of this debt. His wife survived him.

Appellee Convery was appointed administrator of Reiter's estate. As such administrator, upon petition to and order of the court below, he sold the undivided two-thirds of the mortgaged real estate for the purpose of discharging the mortgage. He realized from the sale $2,185, exclusive of costs. The administrator also had in his hands $1,311.68 derived from the personal assets of the estate. Expenses of last sickness, funeral expenses, and expenses of administration had all been paid. There were at the time of his death no liens upon any of the decedent's property except the mortgage above mentioned. The whole of the appellant's claim, amounting to $7,158, was filed and allowed against the estate. At the time of the decedent's death, he was indebted to the appellees, except Convery, and their claims had been filed and allowed against the estate to the amount of $6,000. No other claims were pending against the estate. The estate, upon proper order and notice, was being settled as insolvent.

The court ordered that the money, exclusive of costs, derived from the sale of the real estate, should be applied on the appellant's claim. It also ordered that as to the residue of his claim he should share *pro rata* with the other claimants in the money derived from the personal estate. Appellant claimed that he was entitled to have all of such money applied on his allowance, and this presents the only question made by his appeal.

Section 109 of the act of 1852, 2 R. S. 1876, p. 534, directed that claims should be paid in the following order: "*First.* Expenses of administration; *Second.* Expenses of last sickness, and funeral expenses; *Third.* Judgments which are liens upon the decedent's real estate, and mortgages of real and personal property existing in his lifetime; *Fourth.* General debts; *Fifth.* To legatees; *Sixth.* To distributees."

It is true that the personal estate is the primary fund out of which the decedent's debts are to be paid, including mortgages upon his real estate. *Newcomer* v. *Wallace*, 30 Ind. 216. Where such personal estate is sufficient to pay all debts and

encumbrances, the duty of the administrator is plain. The debts and encumbrances in such case must be discharged so as to protect and save the real estate for the heirs. Where the personal estate, however, is not sufficient to pay the debts, the real estate must be sold for that purpose, and in case of judgment or mortgage liens, it may be sold subject thereto, or for the purpose of discharging the same. In the latter case the purchaser takes the real estate relieved from the encumbrance. *Foltz* v. *Peters,* 16 Ind. 244. One whose claim was secured by mortgage was not, under the act of 1852, required to file it against the estate. Section 62, 2 R. S. 1876, p. 512. He might proceed by foreclosure against the heirs, and, after exhausting the mortgaged property, could file the residue of his claim, if any, against the estate, and have it paid as a general debt; and it seems to have been the duty of the administrator to pay such claim in full, or *pro rata,* according to the assets of the estate, without its being filed against the estate. *Cole* v. *McMickle,* 30 Ind. 94; *McCallam* v. *Pleasants,* 67 Ind. 542; *Lofton* v. *Moore,* 83 Ind. 112. But where the mortgagee went outside of the mortgaged property to obtain payment, his claim had no preference over the general debts of the estate. The death of the mortgagor did not extend the lien of the mortgage to property not included in it. *Rogers* v. *State,* 6 Ind. 31; *Newkirk* v. *Burson,* 21 Ind. 129; *Kirkpatrick* v. *Caldwell,* 32 Ind. 299; *Kimmell* v. *Burns,* 84 Ind. 370.

We think that the court below properly held that the appellant was entitled to the proceeds of the sale of the real estate, it being embraced in his mortgage, and having been sold for the payment of the same; and that the court also properly held that, as to the residue of appellant's claim, it stood on an equality with the general debts, entitled only to its *pro rata* share of the money in the hands of the administrator, derived from the personal estate.

If the widow of the decedent had appeared in the court below and requested an order from the court that the administrator should apply the money received from the per-

sonal estate to the discharge of the mortgage on her interest in the land, it seems, under the decisions of this court, her request would have been granted. *Sparrow* v. *Kelso*, 92 Ind. 514; *Cunningham* v. *Cunningham*, 94 Ind. 557; *State, ex rel.*, v. *Kelso*, 94 Ind. 587. But as to the parties before the court, we think that the decision below was correct.

The appellees, who were creditors of the estate, insist that appellant was entitled to no share of the money derived from the personal estate, for the reason that his claim was not filed within one year after the appointment of an administrator and notice thereof, nor for thirty days before the final settlement of the estate. But, as already stated, under section 62, *supra*, of the act of 1852, claims secured by mortgage, were not required to be filed against an estate. *Cole* v. *McMickle, supra*, is decisive, we think, in favor of the appellant upon the point thus made by the appellee creditors.

The conclusions reached by the court below were right. Affirmed, with costs.

NIBLACK, J., did not participate in the decision of this case.

Filed Dec. 9, 1884.